THE STATE *ex rel.* ABRAHAM FRANK *et al.*, Appellants, v. PATRICK J. CURRAN *et al.*, Respondents.

St. Louis Court of Appeals, May 5, 1891.

1. **Attachment:** LEVY UPON PROPERTY HELD UNDER A PRIOR LEVY. If personal property be levied upon under a writ, it may still be subjected to further levies, either by the same or another officer, each levy being made subject to the prior levy or levies.

2. ———— : ———— : METHOD OF LEVY. If the subsequent levy is made by the same officer as the first, no overt act is required of him in making it; he need only make the requisite return of it on the writ under which it is made. If the subsequent levy is made by another officer, it is made by notifying the officer in possession of the property of the making of it; nor need the return specify or describe the property; it is sufficient to refer to the property as all which is in the custody of the officer in possession.

The State ex rel. Frank v. Curran.

8. ———— : ———— : LIABILITY OF OFFICER IN POSSESSION WITH RESPECT TO SUBSEQUENT LEVY. When the subsequent levy is made by another officer than the one in possession, the latter should, in his return, show what was done with respect to such subsequent levy, and is liable for the damages occasioned if he wrongfully ignores it. And held that a constable and his securities were liable on his official bond where he, at different times, levied a number of writs in his hands without regard to, or mention of, an intermediate levy made by a sheriff, and such intermediate levy was, in consequence, ignored in the application of the proceeds of the property by the successor in office of such constable.

Appeal from the St. Louis City Circuit Court.—HON. DANIEL D. FISHER, Judge.

REVERSED AND REMANDED (with directions).

Frank, Dawson & Garvin, for appellants.

The sheriff could, and did, execute relators' writ of attachment sued out of the circuit court, so as to create a valid lien upon the goods in the hands of Constable Curran, under two prior attachments sued out of a justice's court, which attached to and gave relators a valuable interest in the surplus remaining after the satisfaction of said prior justice attachments and costs. Patterson v. Stephenson, 77 Mo. 334; Bates v. Days, 17 Fed. Rep. 169; Slattery v. Jones, 96 Mo. 224. The legislature has provided a judicial procedure for the determination of priorities, under these circumstances, which is binding upon the parties, and protects the constable who secures and obeys a judgment thereunder. R. S. 1879, sec. 447; R. S. 1889, sec. 570. The constable who fails to invoke this law, and acts without its protection, does so at his peril. Howard v. Clark, 43 Mo. 349; State ex rel. v. Harrington, 28 Mo. App. 292; Metzner v. Graham, 66 Mo. 660. Relators' lien was prior to the Weil writ subsequently levied by the constable, who, in failing to return the Weil writ as levied, subject to relators' lien, decided adversely to relators. Bates v. Days, 17 Fed. Rep. 169. The respondent constable could have retained

the property, and sold the same, and applied the proceeds. *Bilby v. Hartman*, 29 Mo. App. 140 ; *Larned v. Allen*, 13 Mass. 295 ; Murfree on Official Bonds, sec. 466, p. 330 ; *Logsdon v. Spivey*, 54 Ill. 109 ; *Hombs v. Corbin*, 20 Mo. App. 511 ; *Metzner v. Graham*, 57 Mo. 405 ; Freeman on Executions, sec. 106 ; *Tukey v. Smith*, 18 Me. 125 ; s. c., 36 Am. Dec. 704, and authorities collected in note thereto.    The respondents are not relieved of liability to relators, because the constable voluntarily turned over the goods to his successor in office to make the sale and application of proceeds.    *Little v. Seymour*, 6 Mo. 168 ; *State ex rel. v. Lowry*, 8 Mo. 48 ; *Moss v. Craft*, 10 Mo. 728 ; *State ex rel. v. Six*, 80 Mo. 64 ; *State ex rel. v. Muir*, 20 'Mo. 303 ; *Morse v. Betton*, 2 N. H. 184.    Relators are entitled to recover of respondents in this action the amount of money paid on the Weil attachment, which was subsequent in point of time and right to the relators' attachment.    *State ex rel. v. Reynolds*, 3 Mo. 97 ; *State ex rel. v. Six*, 80 Mo. 64 ; *Little v. Seymour*, 6 Mo. 168 ; *State ex rel. v. Lowry*, 8 Mo. 48 ; *State ex rel. v. Moore*, 19 Mo. 372 ; *State ex rel. v. Farmer*, 21 Mo. 163 ; *State ex rel. v. Shacklett*, 37 Mo. 285 ; *State ex rel. v. Romer*, 44 Mo. 99 ; *State ex rel. v. Beamer*, 73 Mo. 37 ; *State ex rel. v. Horn*, 94 Mo. 162 ; *State ex rel. v. Barnett*, 96 Mo. 141 ; *State ex rel. v. Claudius*, 1 Mo. App. 552 ; *State ex rel. v. Muir*, 20 Mo. 303 ; Murfree on Sheriffs [ Ed. 1890 ] sec. 1055.

*T. J. Rowe*, for respondents.

Biggs, J.—This is an action on the official bond of defendant, Patrick J. Curran, formerly constable of the fifth constabulary district of the city of St. Louis.    The conditions of the bond were as follows:    "Now, if the said Patrick J. Curran will execute all process to him directed and delivered, and pay over all money received by him by virtue of his office, and in every respect discharge all the duties of constable according

to law, then this obligation shall be void ; otherwise of full force and effect." The petition charges as breaches that Curran did not execute all process to him directed and delivered, and did not pay over all money received by him by virtue of his office, and did not in every respect discharge all the duties of constable according to law. Then follow averments of the facts constituting the alleged breaches, which are substantially the same as contained in the following agreed statement of facts upon which the case was tried :

"This is a suit brought within proper time against Patrick J. Curran, and his bondsmen, Patrick O'Malley and John O'Malley, upon his official bond, to recover damages for breach of said bond in not paying over all money received by him by virtue of his office, and in not in, every respect discharging all the duties of constable according to law. The answer was a general denial.

"It is agreed between the parties by their respective attorneys that the question to be decided is, whether or not the levy of the sheriff, hereinafter described, is a good and effectual levy under the law of this state.

"The following facts, and all facts necessarily implied therefrom, may be taken to be true in determining this suit :

"On October 11, 1886, and prior thereto, the defendant, Patrick J. Curran, was the duly elected, qualified and acting constable of the fifth constabulary district of the city of St. Louis, having given the bond here sued upon. As such constable, by virtue of writs of attachment sued out of Justice McCaffery's court, a justice of the peace of the city of St. Louis, by Rosentretter and others against Louis Meyer, and L. Fendler and others against Louis Meyer, he seized and levied upon and took into his possession certain goods, wares and merchandise, belonging to the said attachment defendant.

"That, on the same day, to-wit, the eleventh day of October, 1886, the relators, A. Frank & Sons, sued out of the circuit court of the city of St. Louis an attachment for the sum of two hundred and ninety-five dollars ($295), against the said Louis Meyer, which was placed in the hands of the sheriff of the city of St. Louis, after the said constable had taken possession of the goods of the attachment defendant under the two attachments heretofore mentioned.

"That the said sheriff executed the writ of attachment in his hands, and made the following return :

"'Executed this writ in the city of St. Louis, state of Missouri, this eleventh day of October, 1886, at the hour of 1:45 P. M., by levying upon all the personal property belonging to the defendant in the possession of Patrick J. Curran, constable of the fifth district, by notice in writing delivered to said Curran of said levy.

"'HENRY F. HARRINGTON,

"'Sheriff.

"'By JAMES OWENS,

"'Deputy.'"

"That, at the time the sheriff executed the writ in the manner described in his return, there were no other liens upon said property, excepting the attachment liens of the two attachment suits of Rosentretter et al., being number 23, October, 1886, and of Fendler et al., being number 24, October, 1886, hereinbefore described, and at that time the said constable Curran had no further attachment writs in this hands.

"That subsequently, to-wit, at 4:30 P. M., the said constable, Patrick J. Curran, received another writ of attachment issued out of Justice McCaffery's court in favor of Julius Weil, against the said Louis Meyer, being number 29, October, 1886, which last writ said constable Curran executed and made the following return :

"'And further executed this writ in said city of St. Louis, the eleventh day of October, 1886, by attaching

as the property of the defendant the following personal property, to-wit, subject to two other attachments, being numbers 23 and 24, October, 1886; the defendant not found.                                  P. J. CURRAN,
                                                 " ' Constable.

" ' Fee, $2.50.' "

"That the return upon attachment number 23, referred to in this last-named return, is as follows :

" ' Executed the within writ of attachment and summons in the city of St. Louis, Missouri, the——day of ——; executed this writ in the said city of St. Louis, the eleventh day of October, A. D. 1886, by attaching as the property of the said defendant the following personal property, to-wit : One lot of underwear, hose and notions, etc.   And further executed this writ in the said city of St. Louis, on the fifteenth day of October.   The within-named defendant could not be found.                                   P. J. CURRAN,
                                                 " ' Constable.
                              " ' MAX M. MYERS,
                                 " ' Deputy Constable.

" ' Fee, $2.50.' '

" The return on attachment number 24, also referred to in the aforesaid return, is as follows :

" ' And further executed this writ in the city of St. Louis the eleventh day of October, 1886, by attaching as the property of said defendant the following personal property, to-wit, subject to a prior attachment, being number 23, October, 1886 ; the within-named defendant not found.                                 P. J. CURRAN,
                                                 " ' Constable.

" ' Fee, $2.50.' "

" That afterwards, in November, 1886, all of the papers pertaining to the office of constable and property, then in the hands of Patrick J. Curran as constable of McCaffery's court, were turned over to one James Manley as the successor to Patrick J. Curran, by order

or Justice McCaffery, and, under an order of sale issued by the said justice in the case of Rosentretter *et al. v.* Meyer, being case number 23, the said goods were sold by the said Patrick J. Curran's successor in office, and there was realized from said sale, over and above the amount of the attachment claims, numbers 23 and 24, October, 1886, hereinbefore mentioned, and the costs of said suits, the sum of two hundred and twenty-five dollars, ( $225).

"That the relators herein recovered judgment upon their said attachment proceedings in the circuit court for the sum of $295.45, and execution was issued thereon and returned unsatisfied, and said judgment is still unpaid.

"That the proceeds realized out of the sale of goods aforesaid was applied by the said Manley, successor to the defendant, Patrick J. Curran, in the order of the attachment writs issuing out of McCaffery's court only according to the number thereof.

"That the surplus of two hundred and twenty-five dollars ($225) remaining after satisfying the first two attachments, namely, number 23 and number 24, October, 1886, and costs of those suits, was afterwards paid upon attachment number 29, October, 1886, by the said James Manley, successor to the defendant, Patrick J. Curran, to Julius Weil, the plaintiff therein.

"That no sum of money has been paid to the sheriff for the relators herein, or to the relators direct by said Patrick J. Curran, or his successor in office, or by any one for him on account of the levy made by the sheriff, as hereinbefore described after the levy of attachments numbers 23 and 24, October, 1886, and prior to attachment number 29, October, 1886."

The cause was submitted to the court sitting as a jury, and the trial resulted in a finding and judgment for the defendants. The relators have appealed.

The defense rests upon two legal propositions, and the judgment of the trial court must be sustained, if at

all, upon one or the other, or both. In the first place the defendants urge that the return of the sheriff on the relators' writ of attachment fails to show a valid levy on the goods in the custody of Curran. We must determine this question first, because it is at the threshold of the case. If the relators did not have such a levy as entitled them to the surplus after the satisfaction of the claims of the two prior attachments, they cannot complain of the subsequent actions of Curran in reference to the attachments; neither could they have any possible concern in the final disposition of such surplus.

It is the law of this state, whatever it may be in other jurisdictions, that property held under process by one officer may be levied upon by another officer upon process from a different court; or it may be made subject to other writs subsequently placed in the hands of the officer making the first levy. It is true that there can be no actual caption or seizure of the property under a subsequent levy, because the property is already *in custodia legis*. It must remain with the first officer, and the subsequent levy is only available to hold the surplus after the satisfaction of the prior attachment, or the whole, if the previous attachment should be dissolved. If a second writ is placed in the hands of the officer making the first levy, no overt act is required of him in respect of the second levy. He need only make the requisite indorsement on the subsequent writ. If the subsequent writ comes from another court, and is in the hands of another officer, then it is levied *sub modo* on the property already seized, by notifying the officer in possession that the additional levy had been made. This subject received a very elaborate and intelligent discussion by Judge PHILIPS in the case of *Patterson v. Stephenson*, 77 Mo. 329. In that case the law of this state was settled in the way heretofore stated by us, and the law of that case has not to our knowledge been criticised or modified by the supreme court. It

was followed by us in the recent case of *State Bank v. Steinberg*, No. 4965, decided at this term of court, and also by the United States circuit court for the western district of Missouri. *Bates v. Days*, 17 Fed. Rep. 167. In addition to this, our attachment law ( R. S. 1889, sec. 570), contemplates that there may be successive levies on the same property by the same officer, or by other officers under writs from other courts of superior, co-ordinate or inferior jurisdiction ; and it provides how all controversies in reference to priorities, etc., arising out of the different levies may be settled. Hence the argument made by the defendant's counsel, that Harrington could not legally execute the relators' writ of attachment on the property in Curran's hands, is not supported by the authorities in this state.

It is insisted, however, that the relators' levy is made worthless by reason of the fact that the sheriff's return does not disclose or describe the property sought to be levied upon. The general rule is that an officer in making the levy must state in his return the specific property levied upon, or file a schedule with the return. The object of this requirement is to enable others, who may have an interest in the debtor's property, to obtain record information of the nature and extent of the seizure. In the present case the sheriff found the goods of the debtor in the possession of Curran under prior seizures, and the question is, was it his duty to make an invoice. He might have done so if Curran had consented, but, if Curran had refused, what then? It is expressly held in *Patterson v. Stephenson, supra*, that the officer making the second levy can in no way interfere with the goods themselves, and that such a levy does not attach to the goods in specie but only serves to impound, as it were, the balance after the satisfaction of the prior attachments. It is also decided ( at least inferentially ), in the *Patterson case*, that the only thing required of an officer in making a second levy is to notify the officer in possession of the levy. We think

that this presents the practical and common-sense view of the question. When this is done and the return made accordingly the record would indicate to anyone interested the channel through which exact information could be obtained of the goods seized. We, therefore, conclude that the relators obtained by their levy a valid lien on the proceeds, arising from the sale of the attached property, to the extent of any surplus after fully satisfying the prior attachments.

It is conceded that, after the payment of the prior attachments, there remained the sum of $225, which was applied by Curran's successor in office to the satisfaction of Weil's attachment, which was subsequent in time to that of the relators. The relators were entitled to this money,—they have lost it through no fault of theirs, and the question is through whose fault was the loss occasioned? The wrong cannot be attributed to Curran's successor, because he made the distribution according to the returns on the writs of attachment turned over to him by Curran. Neither can the sheriff or the relators be censured for not looking after the distribution, because they had the right to rest on the assumption that Curran would protect the relators' interest in the premises. Therefore, if the judgment of the trial court is to stand, the relators have suffered a wrong, and the law affords them no remedy.

Our opinion is that this action was properly brought. When Curran ignored the relators' levy in making his return on Weil's writ of attachment, he assumed the office of a court, and decided that the relators' levy was invalid. His decision was wrong, and it resulted in the payment of the money to the wrong party. In this Curran failed to "discharge the duties of constable according to law;" hence there was a breach of his official bond. Section 447, of the Revised Statutes of 1879, afforded Curran a safe remedy, if he had any doubt concerning the priority of the various attachments. It was not *his* province, but that of the

circuit court to pass on such a question. *Howard v. Clark*, 43 Mo. 349 ; *State ex rel. v. Harrington*, 28 Mo. App. 287 ; *Metzner v. Graham*, 66 Mo. 653 ; *Bates v. Days*, 17 Fed. Rep. 167. In the case of *Howard v. Clark, supra*, a constable had undertaken to determine for himself, as here, the question of priority as between two attachers. The decision was wrong, and the supreme court discussed the matter as follows : "But the constable proceeded further. He was not content with the performance of his ministerial duties. He assumed the office of a court, and undertook to decide between the conflicting claimants to the property. He might do it, but only at his peril. He has no judicial powers, and is not entitled to the protection necessarily given to courts in making wrong decisions. If he decides rightly it is well. He cannot be made responsible, because the right party has received the money, and not because he had any power to say who should receive it. If he decides wrongly he is responsible, because he has refused to pay over the money to the party entitled to it. If we were to recognize his right to pass on this question by protecting him in this decision, parties would be without remedy; for there is no appeal. Fortunately for suitors the law has pointed out another way. Section 50, chapter 141, of the Revised Statutes, provides a mode for settling all questions of priority between different attaching creditors. The constable should have compelled the parties to avail themselves of the provisions of this statute and procure a legal settlement of the question, and not undertaken what is outside of his duties."

Touching the duty of Curran to show by his return on the Weil writ of attachment that Harrington had made a levy under the relators' writ, the following extract from the opinion of the court in the case of *Bates v. Day, supra*, is quite pertinent : "The executive officers of courts should understand that when writs issue from state and federal courts against the same property, the

officer first obtaining possession, on being notified that a state officer, as in this case, has a writ against the same property, all reasonable facilities should be afforded such officer to make a full return, *and the officer holding the property should show in his return whatever was done by such state court officer.*"

We conclude that under the agreed facts the judgment in this case was for the wrong party. We will, therefore, reverse and remand the cause with directions to the circuit court to enter judgment on the bond for the amount of its penalty, to be satisfied by the payment of $225 with six-per-cent interest per annum thereon from the date of the institution of the suit. All the judges concurring, it is so ordered.