WILLIAM J. ALLEN, Defendant in Error, v. GEORGE W. DAVIS *et al.*, Plaintiffs in Error.

St. Louis Court of Appeals, January 31, 1893.

1. Successive Levies on Goods by Different Officers: TRESPASS.   An officer holding an execution may levy it upon goods in the custody of another officer under a prior levy by giving notice of his levy to such other officer; but he has no right in making his levy or a sale under it to interfere with the possession of such other officer, and is guilty of a trespass if he does so.

2. ———: ———: DAMAGES.   When, however, the execution first levied is satisfied after such trespass by the sale of a part of the property levied upon, the officer levying it will be entitled to recover from the officer making the second levy only nominal damages for the trespass.

3. Justices' Courts: LIEN OF EXECUTIONS.   When two executions issued against the same debtor are levied upon the same personalty of such debtor, and the one last issued is first levied, the levies will take effect according to their order and not according to the dates of the issue of the executions, the lien resulting under the statute from the delivery of such an execution to the constable being in such case displaced by that of the levy.

*Error to the Webster Circuit Court.*—HON. W. I.. WALLACE, Judge.

REVERSED AND REMANDED.

*Goode & Cravens,* for plaintiffs in error.

These executions having been afterwards fully satisfied out of the property, the plaintiff was not in any event entitled to recover more than nominal damages for the trespass by defendants, if they were guilty of trespass. "The special property of the officer has no further existence or effect than is necessary to obtain the end sought by the levy of the writ." 2 Freeman on Executions, sec. 268, and cases cited. "A bailee, mortgagee or other special property man in actions for the taking or conversion of personal property is only entitled to recover the value of his interest." *Boyden v. Moore,* 11 Pick. 362; *Bartlett v. Kidder,* 14 Gray, 449; *Case v. Hart,* 11 Ohio, 374; 3 Sutherland on Damages, p. 525, and cases cited.

*D. M. McKenney* and *W. M. Kinsey,* for defendant in error.

BIGGS, J.—This is an action for damages for the unlawful seizure of personal property. It originated in the circuit court of Wright county, was taken by change of venue to the circuit court of Webster county, where it was tried, resulting in a verdict and judgment against the defendants for the sum of $816.33.

It is contended by the defendants on this appeal that, under the law and the evidence, the plaintiff's recovery should not under any view have exceeded nominal damages. This aspect of the case does not seem to have been presented by the defendants' instructions, but, as the grounds stated in the motion for new trial

were that the verdict and judgment were against the law and evidence, and that the finding was excessive, the question must be reviewed by us.

The defendants contend that the evidence conclusively shows the following state of facts: In June, 1885, the plaintiff Allen and the defendant Davis were constables of different townships in Wright county. On the sixth day of June, 1885, the justice of the peace of Allen's township entered a judgment by confession against one W. C. Miller and in favor of Menkin Bros., and either on the next day or two days thereafter an execution was received by Allen, which he immediately levied upon a stock of goods belonging to Miller and situated in a certain storeroom in the town of Norwood in Wright county. Allen took possession of the stock of goods, and left it in charge of an agent. On the eighth day of the same month the justice of the peace in Davis' township entered two judgments by confession against Miller and in favor of Ridenour, Baker & Co. Executions were immediately issued, and on the day following were received by the defendant Davis. When the executions were received, Davis proceeded to make a second levy upon the stock by putting a padlock on the front door of the storeroom, of all of which Allen had notice. Matters remained in this condition until the seventeenth day of the month, when Allen received six other executions against Miller which had been issued by the justice of his township on judgments rendered the day previous. Allen also levied these executions on the stock of goods. The property was advertised by both officers, but Davis' sale was advertised to take place a few days before that of Allen. Davis, in order to effect his sale, gained an entrance into the storeroom by breaking the fastenings of a window. He then proceeded to sell the goods until

enough was realized to satisfy the executions in his hands. A few days thereafter the plaintiff sold what was left of the stock, and from the proceeds he first satisfied the execution in favor of Menkin Bros., and the small balance, after paying costs, he applied ratably on the other executions held by him. This statement of facts is strongly supported by the oral evidence, the circumstances, the transcripts of the various judgments, the executions issued thereon which show the dates of their issuance, and the returns thereon which show the dates of the various levies. If there was no substantial evidence to the contrary, we would be prepared to decide, as a matter of law, that the plaintiff was entitled to nominal damages only. Assuming that the facts are as contended for by the defendants, there can be no doubt that Davis committed a trespass, not in making the levy, however, but by interfering with the possession of the property during the existence of the prior levy. It was perfectly competent for him to make a second levy, which the evidence shows he did in the only legal way. *State ex rel. v. Curran*, 45 Mo. App. 142. But he had no right to the possession of the goods or any part of them, until the execution in favor of Menkin Bros. under which the plaintiff held the property had been satisfied. The plaintiff's right to the possession was paramount, and his right of sale unquestioned to the extent of the satisfaction of that execution. But to that extent only did his paramount right go. 2 Freeman on Executions, secs. 283, 295. When that execution was satisfied, Davis was entitled to the possession of the balance of the stock, if any remained, for the purpose of selling it to satisfy the executions held by him. But Davis did not pursue this course, but forcibly took the goods from the plaintiff's possession. Clearly this act on his part was a trespass, but, as the plaintiff had only a special interest

growing out of the levy under the execution in favor of Menkin Bros., to which only the right of Davis was subordinate, the recovery for the trespass could not exceed the damage sustained on account of such special interest. *Boyden v. Moore*, 11 Pick. 362; *Case v. Hart*, 11 Ohio, 364; *Bartlett v. Kidder*, 14 Gray, 449; 3 Sutherland on Damages, p. 525. As to the acts of Davis, who controlled the second levy, and who was not a stranger to the title, the plaintiff could only be held to answer in damages to Menkin Bros. for the safe custody of the property, and then only for the amount of their execution.

Although we are strongly inclined to hold with the defendants as to the facts, there was some evidence tending to prove that Allen had levied all of his executions before Davis made his levies. The evidence of this is very unsatisfactory, as the witnesses, whose depositions were taken several years after the occurrences, testified to the dates of the various levies from memory only. This evidence is against all the record evidence and is entitled to but little weight, but we cannot say that it is entitled to no weight. This makes the question one for a jury. But, as the instructions failed to present this issue of fact squarely to the jury, we think the judgment ought to be reversed. In addition to this the court committed error in its direction to the jury as to the measure of damages, and also as to the right of recovery. In the plaintiff's fourth instruction the jury were told that, if the issues were found for the plaintiff, he was then entitled to recover the amount then due on the various judgments upon which the executions were issued, which were in his hands and had been levied at the time Davis *took possession of the property*. The recovery should have been limited to the market value of the stock, not to exceed the amount due upon the judgments upon which

executions were issued and levied by Allen *at the time Davis made his levy, and not at the time he took possession of the goods.*

The defendants insist that, even though the levies made·by Allen were prior to the levies made by Davis, yet, as the executions received by Davis were issued and delivered first, the recovery should be limited to the value of the goods less the amounts due on the executions held by Davis. In this the defendants are wrong. While our statutes make an execution, issued upon a judgment rendered by a justice of the peace, a lien on the goods of the execution debtor from the date of its delivery to the constable, such lien may be displaced by and made subordinate to the lien of a subsequent execution which has been previously levied. *Field v. Milburn*, 9 Mo. 432.

The judgment of the circuit court will be reversed, and the cause remanded. All the judges concur.