JOHN V. ROBBINS *vs.* WILLIAM R. CLARK.

Suffolk. March 10. — July 1, 1880. ENDICOTT & SOULE, JJ., absent.

If a person agrees with another to pay for an article if it accomplishes a particular result, the test to be made by a third person, the decision of the latter is in the nature of an award, and evidence is inadmissible to show that his decision was erroneous.

CONTRACT upon an account annexed for the price of a lot of " spiral economizers " placed in the defendant's boiler.

Trial in the Superior Court, without a jury, before *Rockwell*, J., who found as facts that the parties contracted that the plaintiff should put his " spirals " into the defendant's boiler; that a test trial should be made, two days with the spirals in the boiler, and two days with them not in ; that if the test trial showed that the spirals made a saving of as much as twelve per cent in the fuel consumed, the defendant should pay the agreed price; and that this trial was to be and was made by the defendant's engineer, and showed a saving of more than twelve per cent. The defendant called an expert; and offered to prove by him that at other times he had made experiments with such "spirals" in boilers, and that they were not capable under any circumstances of making any saving whatever. The plaintiff objected to this testimony; and it was excluded.

The judge found for the plaintiff; and the defendant alleged exceptions to the exclusion of the evidence offered.

*G. H. Towle*, for the defendant.

*E. Avery & G. M. Hobbs*, for the plaintiff.

AMES, J. It appears upon the facts reported that the articles which the plaintiff had furnished were recommended on the ground that they would make a saving in the fuel consumed of as much as twelve per cent. The question whether they would do so was agreed to be left to be decided upon actual experiment by the defendant's engineer. · It is reported as a fact found by the court, sitting without a jury, that the experiment was tried by the engineer, and showed a saving exceeding twelve per cent. His decision was rendered accordingly, and is to be considered as the award of a referee under a submission to arbitration. In the absence of any suggestion of fraud, this award cannot be impeached on the ground of any error in judgment on

his part, in drawing conclusions from the evidence before him. The case falls within the rule laid down in *Palmer* v. *Clark*, 106 Mass. 373, 389, and *Flint* v. *Gibson*, 106 Mass. 391.

*Exceptions overruled.*