ADDISON D. O'NEILL, as EXECUTOR OF AGNES L. JONES, DECEASED, APPELLANT, *v.* THE MASSACHUSETTS BENEFIT ASSOCIATION, RESPONDENT.

*Life insurance — jurisdiction — a foreign corporation doing business in this State — when service of proofs of death made by a physician is excused.*

In an action brought to recover upon a policy of life insurance, the amount secured to be paid thereby on the death of the assured, it appeared that the person insured had died; that she was a resident of the State of New York; that the application for the insurance was made, and the policy was delivered in New York, and that the defendant, a foreign corporation, was doing business in New York, having complied with its laws on that subject.

*Held,* that the fact that the attestation clause of the policy stated that it was signed and delivered in Boston, Mass., and that the plaintiff, the executor of the insured, lived in New Jersey, did not oust the courts of the State of New York of jurisdiction.

The policy required certain proofs of death, one by the attending physician, who refused to make the proof because his bill for services to the deceased was unpaid, although proper effort was made to induce him to do so:

*Held,* that his refusal was unjust; and it being impossible for the plaintiff to procure proof of death by him, the executor of the assured was excused from producing it, and was not for that reason debarred from recovering in the action.

APPEAL by the plaintiff Addison D. O'Neill, as executor of Agnes L. Jones, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 15th day of June, 1891, upon a verdict for the defendant directed by the court, after a trial at the New York Circuit before the court and a jury; and also from an order, entered in said clerk's office on the 10th day of June, 1891, denying a motion for a new trial.

*W. H. Hamilton,* for the appellant.

*J. K. Hayward,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover upon a policy of life insurance or certificate of membership issued by the defendant to the plaintiff's testatrix.

The defendant is a Massachusetts corporation, organized for the purpose of carrying on the business of life insurance, and having an office and place of business at the city of New York, having complied with the laws of this State in respect to foreign life insurance companies.

In June, 1887, one Agnes I. Jones, a resident of this State, made an application in writing to the agent of the defendant, at the company's office in New York city, for a certificate of membership.

Upon this application the defendant issued certain policies or certificates. Some time prior to her death, which occurred on the 8th of July, 1889, an application was made by one O'Neill, on behalf of the assured, for a change in one of these policies, to the agent of the company, at the company's office in New York city, the loss to be made payable to her executors instead of her husband.

The new policy was made out and dated in Boston, sent by mail to the agent here, and by him mailed apparently to the assured and received, after her death, by her husband. Mrs. Jones left a will which was offered for probate in July, 1889, before the surrogate of New York county, and her husband filed objections to such probate. Thereupon a contest was had, which resulted in a decision in August, 1890, and a decree for probate was entered on the 16th of September, 1890. Soon after the death of Mrs. Jones the plaintiff's attorney gave information to the defendant of her death, the fact of their being retained as attorneys by the executors, the offering of the will for probate, their inability to find the policy among the papers, and their expectation of finding it in the possession of the husband, and asking that blanks be furnished for making out proofs of claim. Blanks were forwarded, and in July, 1889, they were sent to the attending physician, Dr. Fowler, at Albany, N. Y., to fill out and return, which he failed to do. In the meantime a temporary administrator had been appointed and proofs were sent to the defendant, accompanied by affidavits showing the efforts made to get a certificate from Dr. Fowler, his refusal to furnish the same, and his assigning as a reason therefor the non-payment of his bill for attending Mrs. Jones. In answer, the company, through its assistant treasurer, replied : " Your favor of the 4th is at hand. Inasmuch as the proof papers you sent us are in such form that we cannot act upon them, and you state that a decision of the facts in controversy is expected shortly, I will defer consideration of the claim as presented until I hear from you again."

Upon the termination of the contest over the will, the company were notified and were requested to make payment, and in reply stated that only partial proofs had been filed, and that the certificate of the physician was absent, and enclosing two blanks for such certificate to be filled up, the letter reserving all rights which had been acquired, and informing the attorneys of a clause in the policy to the effect that no claim could be maintained in law after the expiration of one year from the date of the death of the member. To this letter the attorneys replied that the policy had not come into their hands, and they were surprised to hear that there was such a clause in the policy.

The plaintiff, not being able to get a certificate from Dr. Fowler,

commenced this action by the service of a summons upon the Super-intendent of Insurance. The defendant appeared and moved to have the case transferred to the Circuit Court of the United States, but was unsuccessful. Upon the trial the plaintiff proved, substan-tially, the foregoing facts.

· At the end of the plaintiff's case the defendant's counsel moved to dismiss the complaint upon the ground that the court lacked jurisdiction, because it appeared that the plaintiff resides in New Jersey and the defendant resides in Massachusetts, and the cause of action arose in Massachusetts, and also upon the ground that the cause of action had not matured. This motion was granted and the complaint dismissed, and from the judgment thereupon entered this appeal is taken.

It is to be noticed that the case shows that the complaint was dismissed, and that the postea to the judgment-roll recites that a verdict for the defendant was directed. In the absence of the clerk's minutes it seems to be impossible to tell which is right. By what authority the clerk entered the judgment in question, in the absence of the minutes of the trial, we are unable to imagine.

The defense's claim of want of jurisdiction seems to be one of the most unconscionable that any corporation has ever, heretofore, had the temerity to assert. The defendant, a foreign corporation, by the courtesy of the laws of this State, comes into this State and does its business here, upon the condition that it subjects itself to the laws of this State, and upon the condition that process may be served in this State which shall be binding upon it, and having done every particle of the business in connection with the claim in this State, when called upon to pay, asserts that, it being a foreign cor-poration, the courts of this State have no jurisdiction as the contract was delivered in Boston.

The application for the policy in question was made here, the policy was received here from the agent of the corporation here, and all the business was done within this State. But it is claimed that because the *testatum* clause of the policy says that it was signed and delivered in Boston, that, therefore, the contract was made in Boston. We hardly think that the courts of this State will permit a foreign corporation doing business in this State to escape payment of its just obligations under so frivolous a plea.

A very considerable space in the argument of the questions presented upon this appeal is devoted to the one-year limitation contained in this policy. It does not seem necessary to discuss this proposition, because no such point was made upon the trial. It is true the defense was set up in the answer, but it was not one of the grounds upon which the complaint was dismissed, the grounds being want of jurisdiction and that the cause of action had not matured, which latter claim was founded upon the failure to present the physician's certificate.

It does not seem necessary to discuss the proposition that when, through no fault upon his part, a party having a claim against another is unable to present the particular kind of proof which the contract between them calls for, that the failure may be excused. As, for example, in actions upon building contracts, it has become familiar law that, although the contract requires the presentation of an architect's certificate in order to entitle the builder to payment, yet, if the certificate is unjustly withheld by the architect, a recovery may be had without its production. So, in the case at bar, although the contract requires the production of the doctor's certificate, yet, if he unjustly refuses to give such evidence, and proper effort is made to obtain the same, we see no reason why the same reason should not apply, and the party be excused from its production.

Some point is made in regard to the failure to produce the certificate of Dr. White. But Dr. White was not the physician who attended the deceased in her last illness, and Dr. Fowler was; and it appears that application was made to Dr. Fowler for his certificate and he refused to give the same, assigning as a reason the nonpayment of his bill.

The claimants, under a policy of insurance, are not required to perform impossible conditions. They are bound to use diligent efforts to comply with the stipulated conditions, but if prevented from doing so without fault or negligence on their part, they are not thereby precluded from recovery in a contested case.

Applying this principle to the case at bar, it is evident that Dr. Fowler refused to give this certificate unjustly and improperly. The defendants were acquainted with all the facts, and there is no intimation or proof that the certificate was not procured by the plaintiff because of fear of what would be the nature of its contents.

We think, under all the facts, the plaintiff made out a *prima facie* case, and the motion to dismiss should have been denied.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

O'BRIEN and LAWRENCE, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.