MALVINA AUDETTE, administratrix, *vs.* L'UNION ST. JOSEPH.

Middlesex.   November 21, 1900. — March 1, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

A provision in the by-laws of a beneficiary association, requiring a sworn certificate from a physician before sick benefits can be received by a member, creates a condition precedent to the association's liability, and such requirement is not satisfied by the production of an unsworn certificate of the member's attending physician which the physician refused to swear to from conscientious scruples against furnishing a sworn certificate.   *Nolan* v. *Whitney*, 88 N. Y. 648, is not law in Massachusetts.

CONTRACT by the administratrix of a member of a beneficiary association to recover sick benefits under its by-laws. Writ dated December 31, 1898.

At the trial in the Superior Court, before *Stevens,* J., without a jury, it appeared that the by-law sued upon was as follows : " A member who is not disqualified and who finds himself incapable of working on account of sickness or accident shall receive from L'Union five dollars per week."

The defendant contended that it was not liable under the above by-law because the intestate did not comply with the following by-law : " No sick member can receive benefits from L'Union before three members have visited him, and these visitors have made their report to L'Union, and the member has produced a sworn certificate from a physician."

The defendant denied its liability on the sole ground that the plaintiff had failed to produce a sworn certificate from her intestate's physician, as required by the by-law above quoted.

It was agreed by the parties at the trial that the plaintiff produced for the defendant a certificate of her intestate's sickness from his attending physician which was not sworn to by the physician ; that the plaintiff requested the attending physician to give her a sworn certificate, but he refused, assigning as a reason that he had conscientious scruples against furnishing a sworn certificate.

The judge found for the defendant, and also found that the failure to produce a sworn certificate was without fault or neglect on the part of the intestate on account of disability from the character of his illness ; and at the request of the parties reported the case for the determination of this court. If the finding was wrong, judgment was to be entered for the plaintiff for the amount of her claim ; otherwise judgment was to be entered for the defendant in accordance with the finding of the judge.

*J. J. Harvey,* for the plaintiff, submitted the case on a brief.

*A. S. Howard,* for the defendant.

LORING, J. This case comes within the rule that where one engages for the act of a stranger he must procure the act to be done, and the refusal of the stranger, without the interference of the other party, is no excuse. That rule has been applied in this Commonwealth to the obligation of a person insured under

a fire insurance policy to furnish to the fire insurance company a certificate, under the hand and seal of a magistrate, notary public, or commissioner of deeds, stating that he has examined the circumstances attending the loss, knows the character and circumstances of the assured, and believes that the assured has, without fraud, sustained loss on the property insured to the amount certified. *Johnson* v. *Phœnix Ins. Co.* 112 Mass. 49. In that case it was held that the plaintiff was not excused from producing such certificate by showing that he applied to two magistrates for such a certificate in vain, and used his best efforts to procure it, accompanied by proof of the facts which were to be certified to. And this case was confirmed in *Dolliver* v. *St. Joseph Ins. Co.* 131 Mass. 39, 44. To the same effect, see *Columbia Ins. Co.* v. *Lawrence,* 10 Pet. 507 ; *Ætna Ins. Co.* v. *People's Bank,* 8 U. S. App. 554; *Kelly* v. *Sun Fire Office,* 141 Penn. St. 10, 20, 21 ; *Daniels* v. *Equitable Ins. Co.* 50 Conn. 551; *Roumage* v. *Mechanics' Ins. Co.* 1 Green, 110; *Lane* v. *St. Paul Ins. Co.* 50 Minn. 227 ; *Home Ins. Co.* v. *Duke,* 43 Ind. 418 ; *Leadbetter* v. *Etna Ins. Co.* 13 Maine, 265.

The defendant relies on the reference to *Nolan* v. *Whitney,* 88 N. Y. 648, in *Beharrell* v. *Quimby,* 162 Mass. 571, 575 ; and to *O'Neill* v. *Massachusetts Benefit Association,* 63 Hun, 292. The decision in *O'Neill* v. *Massachusetts Benefit Association* professes to be nothing more, and is nothing more, than the application to a right to recover " sick benefits " of the rule which is established in New York in case of building contracts. But *Nolan* v. *Whitney* is not law in this Commonwealth. On the contrary, it is settled here that in contracts for erecting buildings or doing other work where it is stipulated that the quantity or quality of the work to be done shall be determined by an engineer or architect whose decision shall be final, it is not open to either party to show, when the engineer or architect has passed upon the question submitted to him, that he was in error and ought not to have given a certificate when he in fact gave one ; *Flint* v. *Gibson,* 106 Mass. 391; *Robbins* v. *Clark,* 129 Mass. 145 ; or that the certificate given by him was erroneous; *Palmer* v. *Clark,* 106 Mass. 373 ; and see *White* v. *Middlesex Railroad,* 135 Mass. 216, 220 ; *New England Trust Co.* v. *Abbott,* 162 Mass. 148, 154.

This action, therefore, was prematurely brought; but the plaintiff, on producing a sworn certificate, unless there is some objection to it not now disclosed, can bring a new writ and recover the sick benefits now sued for.

*Judgment for the defendant affirmed.*