William J. McGurk *vs.* Standard Plate Glass Company.

Suffolk.     December 8, 1910. — January 9, 1911.

Present: Knowlton, C. J., Morton, Loring, Sheldon, & Rugg, JJ.

*Contract,* Construction, Termination.     *Reference and Referee.*

A salesman made with a corporation a contract in writing for employment, the contract containing the following provision as to its termination: "Either party may . . . terminate this agreement, by giving to the other party, sixty days' notice in writing, and accompanying such notice by a signed statement of the cause for terminating the agreement, said statement of cause to bear the written indorsement of T. and B. . . . that they are informed of the facts referred to in the cause set forth, and consider them sufficient justification for the termination of the agreement under this provision." The corporation made a formal statement in writing to T. and B. of alleged "insolence and insubordination" on the part of the salesman, and the salesman also made to them a statement in writing regarding the matter. Thereafter the corporation gave to the salesman sixty days' notice in writing of the termination of the contract for "insolence and insubordination," accompanied by a written indorsement by T. and B. stating, "We are informed of the facts referred to in the causes above set forth for the termination of the contract . . . and consider them sufficient justification for the termination of said agreement." There was no fraud or mistake which prevented T. and B. from exercising their judgment fairly. In an action by the salesman against the corporation for breach of the contract, the salesman contended that the contract could not be terminated without an indorsement in writing by T. and B. which should not be made until after the charges had been formally heard by them in a judicial manner. *Held,* that such formal hearing was not necessary under the provisions of the contract; and that everything necessary effectually to terminate the contract had been done.

CONTRACT upon an agreement in writing as described in the opinion.     Writ dated August 6, 1907.

In the Superior Court the case was tried before *White,* J., upon an agreed statement of facts, the substance of which is stated in the opinion.     The trial judge ordered a verdict for the defendant, and at the request of the parties reported the case to this court, judgment to be entered on the verdict if the ruling was correct; otherwise, judgment to be entered for the plaintiff in the sum of $2,844.33.

The case was submitted on briefs.

*J. F. Bacon,* for the plaintiff.

*J. Gordon,* for the defendant.

KNOWLTON, C. J.   The plaintiff and the defendant entered into a contract in writing which, omitting the merely formal parts, is as follows: " The purpose of this agreement is the employment by the Standard Plate Glass Company of William J. McGurk as sales manager of their New England branch at Boston, Mass., during the period from January 1, 1907 to December 31, 1908, at a salary of $3,600 per year, payable in equal monthly instalments; provided that either party may, after January 31, 1907, terminate this agreement by giving to the other party, sixty days' notice in writing, and accompanying such notice by a signed statement of the cause for terminating the agreement, said statement of cause to bear the written indorsement of J. H. Troutman and W. D. Brandon of Butler, Pa., that they are informed of the facts referred to in the cause set forth, and consider them sufficient justification for the termination of the agreement under this provision."   The defendant terminated the agreement according to its terms by giving the plaintiff sixty days' notice, accompanying the notice by a signed statement of the cause for terminating the agreement, which cause was stated to be "insolence and insubordination."   That statement bore the written indorsement of J. H. Troutman and W. D. Brandon, duly signed by them, as follows: " We are informed of the facts referred to in the causes above set forth for the termination of the contract of the Standard Plate Glass Company with William J. McGurk, and consider them sufficient justification for the termination of said agreement."   This action is brought to recover damages for a breach of the contract.

The principal contention of the plaintiff is that, under this agreement, Troutman and Brandon could not make the required indorsement without first having a hearing of the parties, conducted judicially, at which they might present their respective views with arguments.   The decision of the case depends upon the construction to be put upon this contract.   It does not refer to a hearing to be had by these two persons.   It simply calls for an indorsement in writing, upon the statement of causes, that they are informed of the facts and deem them sufficient.   It neither states nor implies anything more than that the two persons, who in a certain sense may be called arbitrators, shall be informed of the facts in some way that they think should give

them a sufficient understanding of the facts to justify their action. The contract implies that the extent of their information, and the manner of obtaining it, as a ground for their indorsement, should be left to their judgment and sense of right. There is nothing in it to indicate that a formal hearing of the parties would be needed if the arbitrators thought that they had all necessary information without it.

The following language of the opinion in *Palmer* v. *Clark*, 106 Mass. 373, 389, is applicable to the conditions in the present case. "By the agreement, he is made the sole and final judge in a matter where it was evidently considered difficult to attain entire accuracy. This agreement, made by competent parties upon a good consideration, it is the duty of the court to enforce. A reference to a third person to fix by his judgment the price, quantity or quality of material, to make an appraisement of property and the like, especially when such reference is one of the stipulations of a contract founded on other and good considerations, differs in many respects from an ordinary submission to arbitration. It is not revocable. The decision may be made without notice to or hearing of the parties, unless such notice and hearing be required by express provision or reasonable implication; and it may be made upon such principles as the person agreed on may see fit honestly to adopt, or upon such evidence as he may choose to receive. . . . It [his decision] cannot be impeached for mistake arising from error in the judgment of the referee, or in drawing conclusions from evidence and observation. To avoid it, the mistake must be one which shows that he was misled, and so far misapprehended the case that he failed to exercise his judgment upon it; as where he is imposed upon by false measures or false weights, or there is obvious error in figures. . . . Fraud practised upon him, or by him, will of course defeat it." See also *Robbins* v. *Clark*, 129 Mass. 145; *Flint* v. *Gibson*, 106 Mass. 391, 395; *New England Trust Co.* v. *Abbott*, 162 Mass. 148, 154.

In the present case there is no suggestion of fraud or mistake which prevented the arbitrators from exercising their judgment fairly. Both parties sent to each of them a communication in writing, presenting their respective views in reference to the subject of terminating the agreement, and there was suffi-

cient foundation for the statement of the arbitrators that they were informed of the facts. There is nothing to indicate that they failed to act fairly and in good faith, according to their understanding.

The record shows an agreement, deliberately entered into, which left the subject of a termination of the agreement by either party to the decision of the two men named, to be made upon such information, so obtained, as they should think sufficient to enable them to act properly, and to reach a just conclusion. Action has been taken under it in strict compliance with its terms.

*Judgment on the verdict.*