DANIEL H. SHEEHAN *vs.* PERLEY R. EATON & another.
PERLEY R. EATON & another *vs.* DANIEL H. SHEEHAN.

Middlesex. March 6, 1916. — May 16, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Contract,* Construction, Performance and breach. *Evidence,* Competency, Relevancy and materiality.

At the trial together of two actions of contract, the first by a lumberman against a lumber dealer for a balance alleged to be due under a contract in writing for the sawing and piling of certain lumber, and the second by the dealer against the lumberman for the repayment of an alleged over-payment by the dealer to the lumberman, where a provision of the contract required that the lumberman should cause each board or plank to be measured "and mark the number of feet thereon, and shall guarantee this measurement, and it shall be measured again" by the dealer "when put on the cars," and providing for an adjustment in accordance with the correction of the lumberman's measurements by those of the dealer, it appeared that the lumberman caused measurements to be made and recorded, but that the dealer did not, but merely made a tally of the lumberman's recorded figures. *Held,* that such tally was not a compliance by the dealer with the requirements of the contract as to measurements by him.

At the same trial the dealer offered evidence of measurements made by purchasers of the lumber from him to the effect that the measurements marked thereon by the lumberman were too large. The evidence was excluded. *Held,* that the exclusion was proper, the evidence being incompetent.

It appearing that the only measurements made in accordance with the provisions of the contract were made by the lumberman, it was *held,* that his measurements were conclusive and binding upon the parties unless there was a mathematical error made by him in adding them.

Evidence offered by the dealer as to the result of the tally taken by him, which was excluded, tended to show that the total of the measurements recorded by the lumberman, 748,831 feet, was about 50,000 feet in excess of the tally. *Held,* that the evidence should have been admitted because it tended to show a palpable mathematical error by the lumberman in adding his measurements.

CONTRACT upon an agreement in writing for the sawing of lumber by the plaintiff for the defendants. Writ dated March 24, 1906; also

CROSS ACTION by the defendants in the first action against the plaintiff in that action upon the same contract in writing. Writ dated June 2, 1906.

The cases were referred to an auditor and were heard together by him and, after the filing of his report, by *Brown*, J., without a jury. The material evidence is described in the opinion.

At the close of the evidence, the defendants in the first action asked the judge to rule as follows:

"2. The defendants' failure to measure the lumber at the car would not be a waiver of their right to question the measurement of the plaintiff or in effect amount to an agreement to adopt the plaintiff or the plaintiff's surveyor as a man mutually chosen to make the measurement."

In the second action, as plaintiffs, they asked the judge to rule as follows:

"3. The failure of the plaintiffs to measure the lumber at the car does not constitute Sheehan or Sheehan's surveyor a person agreed upon to take the measurement which measurement is binding and conclusive upon the parties in the absence of fraud. Neither does it preclude the plaintiff from setting aside or impeaching it except upon evidence such as would avoid the finding of an arbitrator mutually chosen or such evidence as would satisfy a jury that the surveyor had acted corruptly."

"7. The taking of the tally at the car is compliance with the terms of the contract."

"11. If the defendant, Sheehan, did not accurately mark the boards by himself or his surveyor or his agent, when the lumber was being sawed, but either under-marked or over-marked the lumber, this is a breach of the contract. If the defendant, Sheehan, first breached the contract, it is not open to him to complain that the plaintiffs afterwards breached the contract.

"12. The taking of the tally at the car by Eaton from the guaranteed figures of Sheehan on the boards is the measurement which is binding and conclusive on Sheehan and the total amount of this tally thus taken is at most all for which Sheehan can claim payment."

All the foregoing requests for rulings were refused.

The judge found for the plaintiff in the first action in the sum of $459.16, and for the defendant in the second action; and the defendants in the first action, the plaintiffs in the second, alleged exceptions.

The cases were submitted on briefs.

*C. E. Tupper,* for Eaton and another.

*E. Fisher,* for Sheehan.

CROSBY, J. These actions arise out of a contract in writing entered into between the parties, whereby Sheehan agreed to "cut log and saw and put upon the sticks to dry, all the lumber upon a parcel of land known as the Morse Farm in Sudbury."

The sixth article of the agreement provides as follows: "Said Sheehan shall measure or cause to be measured each board or plank and mark the number of feet thereon and shall guarantee this measurement and it shall be measured again when put on the cars and if it over-runs said Sheehan's measure, Webber and Eaton shall pay Sheehan the over-run and if it falls short Sheehan shall make up the shortage at $5.00 per M in both cases."

The bill of exceptions in the second case states: "The defendant in marking the lumber marked each board with the face measure, to wit: any board over one inch and less than two inches in thickness was marked as of one inch in thickness, leaving the fraction to be added. The plaintiffs through their employee, a Mr. Wilson, made a tally of the figures as shown upon the lumber when it was loaded on the cars. Nearly a year elapsed between the first and the last shipment of the lumber."

The plaintiffs in the second action contend that the lumber was not sawed in a workmanlike manner, and claim damage on account thereof; and also, that they have paid the defendant for a larger amount of lumber than has been actually sawed, and seek to recover for such over-payment.

The first action was brought by Sheehan to recover for a balance which he claims to be due for sawing the lumber.

The cases were referred to an auditor and were heard together. The auditor made a finding in favor of the plaintiff in the first action for the full amount of his demand and against the plaintiffs in the second action. Afterwards, the cases were heard by a judge of the Superior Court, without a jury, who made findings

in each case in accordance with the findings of the auditor. As substantially the same questions are raised by the exceptions in each case, they properly may be considered together.

We assume under article sixth of the contract that the second measurement to be made, when the lumber was put on the cars, was to be made by Webber and Eaton, the owners. This construction of the contract seems to have been adopted by both parties.

There was evidence to show that the boards were measured and marked by a surveyor employed by Sheehan, when stuck up by him upon the lot in accordance with the contract.

When put upon the cars by Webber and Eaton, instead of making an actual measurement of the lumber, they caused a "tally" thereof to be made by their employee (one Wilson). This tally was made by copying into a book the figures as shown upon the boards when they were loaded upon the cars.

Sheehan offered evidence to show that by actual measurement he had sawed 748,831 feet, while Webber and Eaton offered to show that the total markings upon the boards as made by Sheehan and shown by the tally amounted to but 694,212 feet.

It was agreed that the plaintiffs in the second action had paid the defendant for sawing 700,000 feet.

The judge rightly refused to rule that the tally at the car was a compliance with the terms of the contract. It is plain that it was not a measurement of the lumber as called for by the contract. It was merely a copy of the measurements as made by Sheehan. The latter was entitled to have an actual measurement made by Webber and Eaton. Besides, unless so measured, the provision of the contract "that if it [the measurement] over-runs said Sheehan's measure, Webber and Eaton shall pay Sheehan the over-run and if it falls short Sheehan shall make up the shortage at $5.00 per M in both cases," became wholly ineffective.

The evidence offered by Webber and Eaton of measurements made of lumber by purchasers to whom the lumber had been shipped by them, showing that it was over-marked, was incompetent, and therefore was rightly excluded.

The exclusion of the evidence of the tally taken at the car, which was offered to disprove the measurements of the lumber as made by Sheehan, presents the principal question raised by the exceptions in these cases.

It is immaterial whether Sheehan is made a referee or an arbitrator under the contract or not, because whether he was such or not, evidence of mistake in the addition of his measurements is competent.

The only measurement made as provided by the contract was made by him. That measurement is conclusive and binding upon the parties, unless there was a mathematical error made by him in adding such measurements. Upon this question, the evidence of the tally was admissible. *Palmer* v. *Clark*, 106 Mass. 373. *McGurk* v. *Standard Plate Glass Co.* 207 Mass. 583, 585.

The evidence that the total amount of the measurements as claimed to have been made by Sheehan was over fifty thousand feet in excess of the tally, is evidence of a palpable error and mistake, assuming that the tally includes all boards actually sawed and is correctly transcribed therefrom. Accordingly evidence of the tally was admissible to show that such error existed.

All of the requests by the plaintiffs in the second action were rightly refused as either unsound in law or inapplicable to the facts.

The exception of the defendants in the first action to the refusal to give the second request is sustained.

It follows that the entry must be

*Exceptions sustained.*