WICK, Respondent, v. WESTERN LIFE & CASUALTY CO.,
APPELLANT.

(No. 4,423.)

(Submitted June 8, 1921. Decided July 1, 1921.)

[199 Pac. 272.]

*Health Insurance—Nonpayment of Premium—Preliminary Notice of Disability—Failure of Notice Required by Policy—Best Notice Under Circumstances — Question of Fact for Jury.*

Health Insurance—Nonpayment of Premium—What Does not Constitute.
    1.  Where plaintiff, insured against sickness, had assigned his wages to defendant company to the extent of the monthly premium due thereon, seeing to it that there was always sufficient money in the hands of his employer to meet payment, and defendant looked to the latter for payment and collected the premiums from him, the employer never refusing to pay upon demand, failure to make certain payments was ascribable to defendant and not to the insured, and therefore the policy did not lapse on account of nonpayment.
Same—Preliminary Notice of Disability—Character of Proof.
    2.  *Held,* that the provision in a health policy requiring written notice within ten days after commencement of disability from sickness, must be read in connection with section 5628, Revised Codes, providing that where preliminary proof of loss is required by a policy, the insured need not give such proof as is necessary in a court of justice, it being sufficient if he give the best evidence which it is in his power to give at the time; *held,* further, that conditions may be such as to relieve insured from giving any notice whatever except that contained in his final proof of disability.
Same—Best Notice Possible Under Circumstances—Question for Jury.
    3.  Where plaintiff, two days after being taken ill, lost his senses and remained in that condition for thirty-five days, when he requested a friend to notify defendant, the questions whether the circumstances were such as to excuse the giving of the notice stipulated for in the policy, other than the proof of loss or disability, or whether he gave the best notice within his power at the time, were questions of fact for the jury.

*Appeal from District Court, Silver Bow County; Edwin M. Lamb, Judge.*

2.  Validity of provision in policy of health insurance requiring notice of illness to be given within a specified time, see note in 15 Ann. Cas. 218.

3.  As to when strict compliance with requirement as to time of notice in accident and health policy is excused, see notes in 18 L. R. A. (n. s.) 109 and 27 L. R. A. (n. s.) 319.

ACTION by Erick Wick against the Western Life & Casualty Company.  Judgment for plaintiff and defendant appeals. Reversed and remanded.

*Mr. Joseph H. Griffin,* for Appellant, submitted a brief and argued the cause orally.

No appearance in behalf of Respondent.

MR. CHIEF COMMISSIONER POORMAN prepared the opinion for the court.

In this action the plaintiff seeks to obtain judgment against the defendant for an amount alleged to be due him on a contract of insurance existing between plaintiff and defendant. The case was tried to a jury, but at the close of the testimony the court sustained the plaintiff's motion for a directed verdict, which was thereupon returned by the jury, and judgment entered thereon.  The defendant appeals from this judgment and from the order overruling his motion for a new trial.

The plaintiff alleges: "That on or about the fifth day of April, 1916, the defendant entered into a contract of insurance with this plaintiff, in, by, and through which during the life of said contract he was insured against all disability resulting from illness.  *  *  *  That he paid to the defendant corporation the sum of $2.50 per month from April, 1916, to and including February, 1917.  That commencing in the month of December, 1916, he was disabled from carrying on any employment by rheumatic fever for two months thereafter; that by and through the terms of said policy for such disability he was to receive an indemnity therefor in the sum of $60 per month."  That he made demand for said sum, but that payment was not made.  No demurrer was filed, and the defendant's answer consists wholly of a general denial, except that it admits the corporate capacity of defendant.  The policy was introduced in evidence without objection.  If the complaint was open to the objection now made, the defects were removed

by the evidence admitted without objection; hence defendant's contention that the complaint does not state a cause of action cannot be sustained.

During the trial of the cause, in answer to a remark made by the court, defendant's counsel said: "Well, I will state, if the court please, that our defense is a lapse of payment on the policy, and also he didn't notify the company within the required time, as stipulated by the contract, of his illness." The case was tried upon this theory. The questions involved on this appeal, therefore, are: (a) Had the policy lapsed by reason of nonpayment? (b) Did the plaintiff notify the company of his illness within the time named in the policy, or show conditions that would excuse him from giving such notice at an earlier date than the proof of disability?

It appears that at the time this policy was executed, the [1] plaintiff was in the employ of one Gus Wilson, and that the defendant received from plaintiff an assignment of plaintiff's wages to the extent of $2.50 per month. The testimony introduced by the defendant is to the effect that the defendant always looked to Wilson for the premium, and that it collected from Wilson the amount due on the policy as premium. The undisputed testimony is also to the effect that the plaintiff always had money with Wilson to meet these payments. It does appear from the evidence that some of the payments were not made within the time named in the policy, but so far as this record is concerned, the defendant itself assumed the responsibility of making demand on Wilson, and there is not any evidence here that Wilson at any time refused or hesitated to pay when demand was made on him. The court did not err in holding that the policy had not lapsed.

The provision of the policy, with reference to notice, is as [2] follows: "Written notice of injury or of sickness on which claim may be based must be given to the company within twenty days after the date of the accident causing such injury or within ten days after the commencement of the disability

from such sickness. Failure to give such notice shall invalidate the claim and relieve the company of all liability.''

With reference to the notice, the plaintiff testified that he went to the hospital on the 10th of December, 1916; that he lost his senses about December 12, and he said: ''I was down there for 35 days. I was not out of my head all the time. Just as soon as I got my senses, I notified the company. I cannot remember the date. There was a fellow up to the hospital, and I told him to go down to Wilson, the tailor, and he went to the Western Life and reported. I don't know whether this friend of mine went and reported this sickness of mine to the company or not. He came up there and said he reported it. I don't know of my own knowledge. * * * From about the 12th of December till some time in January I didn't have any sense at all. I don't remember anything. Dr. Rhodes was the only doctor who treated me there in the hospital.''

The hospital referred to was the Murray Hospital in Butte, Montana. It is further in evidence that Dr. Rhodes signed the certificate, but neither the certificate nor its contents appear in the record.

About the 4th of February, 1917, the plaintiff went to the office of the defendant, and notified it of his sickness, and made demand for payment. The only witness on the part of the plaintiff was the plaintiff himself.

The provisions of the policy which require written notice within ten days after the commencement of the disability must be read in connection with the provisions of the statute, section 5628, Revised Codes, which provides: ''When preliminary proof of loss is required by a policy, the insured is not bound to give such proof as would be necessary in a court of justice; but it is sufficient for him to give the best evidence which he has in his power at the time.'' And conditions may be such as to relieve the injured party from giving any notice at all except that contained in his final proof of disability. It is

further held that "It need not be that full, clear, and explicit proof which would be required upon the trial of an issue upon the question, but it must be such reasonable evidence as the party can command at the time, to give assurance that the event has happened upon which the liability of the insurers depends.  *  *  *  The purpose of the condition is that the insurer may be able intelligently to form some estimate of his rights and liabilities before he is obliged to pay." (*Da Rin* v. *Casualty Co. of America,* 41 Mont. 175, 137 Am. St. Rep. 709, and note; 27 L. R. A. (n. s.) 1164, 108 Pac. 649; *O'Neill* v. *Massachusetts Ben. Assn.,* 63 Hun, 292, 18 N. Y. Supp. 22.)

But the question whether the circumstances were such as [3] to excuse the giving of notice other than the proof of loss or disability, or whether the plaintiff gave the best notice within his power at the time, were questions of fact to be determined by the jury, and the jury "are the judges of the effect or value of evidence addressed to them." (Sec. 8028, Rev. Codes.)

This case is clearly within the rule laid down by this court in *Whalen* v. *Harrison,* 26 Mont. 316, 326, 67 Pac. 934, 935, wherein, under similar circumstances it was held that "The court should not have taken up the duty of the jury, but should have left them to determine the weight to be given to his evidence."

We think, in this case, the court committed error in sustaining plaintiff's motion for a directed verdict, and recommend that the judgment be reversed, and the cause remanded for a new trial.

Per Curiam: For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, and the cause remanded for a new trial.

*Reversed and remanded.*