INDEPENDENT MILK & CREAM CO., RESPONDENT, *v.*
AETNA LIFE INSURANCE CO., APPELLANT.

(No. 5,208.)

(Submitted May 29, 1923.   Decided June 30, 1923.)

[216 Pac. 1109.]

*Indemnity Insurance—Personal Injuries—Action Against Insured—Refusal of Insurer to Defend—Waiver—Liability of Insurer — Presumptions — Appeal and Error — Conflict in Evidence—Verdict Conclusive.*

Indemnity Insurance—Refusal of Insurer to Defend Action Against
Insured—Waiver.
1.   Where an indemnity insurance company had agreed to indemnify plaintiff corporation against loss resulting from claims for personal injuries caused by the use of an autotruck by others than its employees, denied liability and refused to settle or defend an action against plaintiff as it had bound itself to do, it breached the contract and released the insured from its agreement not to settle the claim without written consent of the insurer and waived a clause in the policy under which actual trial of the issue was made a condition precedent to a recovery against it.

Same—Liability to Insured—Rebuttal of Statutory Presumption—Burden of Proof.
2.   In an action on an indemnity policy of the nature of the above, the burden is upon the insurer to rebut the presumption provided for by section 8169, Revised Codes of 1921, that if after request the insurer neglects to defend the person indemnified, a recovery against the latter suffered by him in good faith is conclusive in his favor against the insurer.

Same—Liability of Insured to Person Injured may be Litigated in
Action on Policy.
3.   Where the insurer denies liability under an indemnity policy and refuses to defend an action by an injured person against the insured, the liability of the latter to such person and its extent may be litigated for the first time in an action on the policy between the insurance company and the insured.

Appeal—Conflict in Evidence—Verdict Conclusive.
4.   A verdict and judgment supported by substantial evidence conflicting in character will not be disturbed on appeal.

*Appeal from District Court, Silver Bow County; Wm. L. Carroll, Judge.*

ACTION by the Independent Milk & Cream Company against the Aetna Life Insurance Company.   Judgment for plaintiff and defendant appeals.   Affirmed.

*Messrs. Frank & Gaines,* for Appellant, submitted a brief; *Mr. R. F. Gaines* argued the cause orally.

The policy made the basis of this action, among others, contains the following clause: "Clause J. No action shall lie against the company to recover for any loss and/or expense covered by this policy arising or resulting from claims upon the assured for damages, unless it shall be brought by the assured for loss and/or expense actually sustained and paid in money by him after actual trial of the issue." It is the contention of appellant that the effect of the provision of the policy is that either where the facts disclosed by investigation or the nature of the claim as asserted leave it doubtful whether the instance is one covered by the policy, then the insured must observe the requirements of clause J; and that a denial of liability under such circumstances does not amount to a waiver of the policy provisions. It likewise has been and now is the claim of appellant that when carefully considered, all cases which apparently sustain the contention of respondent, will show that their pronouncements, if justifiable, are so only because of the fact that in those cases, the claims made were clearly determined, either by their nature as a matter of law or by fact investigation, to be claims which were certainly covered by the policy. (See *Brundy* v. *Canby,* 50 Mont. 454, 148 Pac. 315; *Sanders* v. *Frankfort Ins. Co.,* 72 N. H. 485, 101 Am. St. Rep. 688, 57 Atl. 655; *White* v. *Casualty Co.,* 139 App. Div. 179, 123 N. Y. Supp. 840; *Patterson* v. *Adan,* 119 Minn. 308, 48 L. R. A. (n. s.) 184, 138 N. W. 281.)

*Mr. W. D. Kyle* and *Mr. J. A. Poore,* for Respondent, submitted a brief; *Mr. Poore* argued the cause orally.

It is our contention that when the appellant refused to defend the Ouimet suit and denied any liability under the contract by reason of the accident, it waived the provisions of the policy to the effect that the assured should not incur any expense, or settle any claim, except at his own expense, without the written consent of the appellant previously given, and that

no action would lie against the appellant to recover for any loss or expense covered by the policy unless brought by the assured for loss or expense actually sustained and paid in money by the respondent after actual trial of the issue; and that after such refusal, the respondent was at liberty, acting prudently and in good faith, to make such settlement as might be fair and reasonable and considered for the best interests of both the assurer and assured, without waiving or forfeiting its right to indemnity under its contract with appellant. (See *St. Louis Dressed Beef & Provision Co.* v. *Maryland Casualty Co.*, 201 U. S. 173, 50 L. Ed. 712, 26 Sup. Ct. Rep. 400 [see, also, Rose's U. S. Notes]; *Butler Bros.* v. *American Fidelity Co.*, 120 Minn. 157, 44 L. R. A. (n. s.) 609, 139 N. W. 355; *Mayor Lane & Co.* v. *Commercial Casualty Ins. Co.*, 169 App. Div. 772, 155 N. Y. Supp. 75; *In re Empire State Surety Co.*, 214 N. Y. 553, 108 N. E. 825; *South Knoxville Brick Co.* v. *Empire State Surety Co.*, 126 Tenn. 402, Ann. Cas. 1913E, 107, 150 S. W. 92; *Fullerton* v. *United States Cas. Co.*, 184 Iowa, 219, 6 A. L. R. 367, 167 N. W. 700; *Interstate Cas. Co.* v. *Wallins Creek Coal Co.*, 164 Ky. 778, L. R. A. 1915F, 958; 176 S. W. 217; *Rieger* v. *London etc. Co.*, 202 Mo. App. 184, 215 S. W. 920–930; *United States F. & G. Co.* v. *Pressler* (Tex. Civ.), 185 S. W. 326–329; *Western Ind. Co.* v. *Walker-Smith Co.* (Tex. Civ.) 203 S. W. 93–96.)

MR. COMMISSIONER ROSE prepared the opinion for the court.

This action was instituted to recover on an indemnity insurance policy issued by the defendant to the plaintiff on December 8, 1919, by the terms of which the defendant company agreed, subject to certain conditions, to indemnify the assured against loss or expense resulting from claims for personal injuries suffered or alleged to have been suffered by others than its employees by reason of the use of a certain automobile or motor-truck described in the policy. The case was tried to a jury and a verdict returned for the plaintiff,

upon which judgment was duly entered and this appeal is from the judgment, the defendant's motion for a new trial having been denied.

The policy involved herein contains, among others, the following stipulations:

"*Report of Suit Against Assured. C.* If suit is brought against the assured to enforce a claim for damages covered by this policy he shall immediately forward to the company or its duly authorized agent every summons or other process as soon as the same shall have been served on him, and the company will, at its own cost, defend such suit in the name and on behalf of the assured. The assured, whenever requested by the company, shall aid in effecting settlements, securing information and evidence, the attendance of witnesses and in prosecuting appeals, but the assured shall not voluntarily assume any liability or interfere in any negotiation for settlement or in any legal proceeding, or incur any expense, or settle any claim, except at his own cost, without the written consent of the company previously given, except that, as respects liability for personal injuries covered hereunder, the assured may provide at the company's expense such immediate surgical relief as is imperative at the time of the accident.

"*Suit Against Companies. J.* No action shall lie against the company to recover for any loss and or expense covered by this policy arising or resulting from claims upon the assured for damages, unless it shall be brought by the assured for loss and or expense actually sustained and paid in money by him after actual trial of the issue. The Aetna Life Insurance Company, in accordance with the terms of this policy, hereby assumes the following risks, while the automobiles described herein are within the limits of the United States of America and Canada, namely: Cause Five—Liability. Against loss and/or expenses arising or resulting from claims upon the assured for damages on account of bodily injuries and/or death accidentally suffered, or alleged to have been suffered, by any person or persons not hereinafter excepted, by reason of the

ownership, maintenance and/or use of any of the automobiles described herein, provided such accidents or alleged accidents occur while this policy is in force, and provided further that: (1) This company shall not be liable under this clause of the policy for: (a) Accidents occurring while the automobiles described are being operated in any race or speed contest, or by any person in violation of law as to age or in any event under the age of sixteen years; (b) accidents to assured's domestic or household servants while engaged in operating or caring for an automobile; (c) accidents to any other employee of the assured arising out of and in the usual course of the trade, business, profession or occupation of the assured; (d) any obligation assumed by or imposed upon the assured by any Workmen's Compensation agreement, plan or law. (2) This company's liability for loss on account of an accident resulting in bodily injuries and/or death to one person is limited to five thousand dollars ($5,000); and, subject to the same limit for each person, this company's total liability for loss on account of any one accident resulting in bodily injuries and/or death to more than one person is limited to ten thousand dollars ($10,000)."

During the life of the policy one John Ouimet was seriously [1] injured by the automobile truck of respondent and thereafter, through his guardian, instituted suit to recover $30,000 damages, in which action it was alleged that Ouimet was an employee of respondent at the time of the injury complained of, which was denied in respondent's answer. In compliance with the terms and conditions of the policy the appellant was duly notified of the suit and the summons and complaint were promptly delivered to it, whereupon appellant refused to assume any responsibility and declined to defend the action upon the alleged ground that Ouimet was an employee of respondent company. Upon the refusal of appellant to defend the action, the respondent interposed an answer and after issue joined, upon advice of counsel, compromised the claim for the sum of $3,000 and consented that judgment be rendered against

it for said sum, which amount was paid by respondent to Ouimet, and after payment of the judgment the present action was instituted following appellant's refusal to reimburse respondent for the amount, with costs, together with $200 expended for counsel fees.

The two principal questions submitted on this appeal for determination are: (1) Whether Ouimet was or was not an employee of respondent at the time of the accident; and (2) we are required to construe the policy provision designated clause J, requiring respondent's liability to be determined by a trial of the issue.

By its denial of liability and refusal to settle or defend the action as provided in clause C of the policy, the insurer breached the contract and released the insured from its agreement not to settle the claim without the written consent of insurer and waived clause J of the contract, making actual trial of the issue a condition precedent to a recovery.

That the compromise settlement effected by the respondent was fair and reasonable cannot be questioned although, under appellant's theory of the law of the case, the respondent must litigate the claim and actually pay the amount of the judgment after trial of the issue. After denial of liability by the insurer, the respondent compromised the claim, fearing that damages might be awarded in an amount in excess of the insurance, in that or some other action by the injured person or his guardian. The refusal of the insurer to defend the action was unjustified and it did so at its peril. It constituted a breach of the contract and the respondent clearly was entitled to recover such damages as were the natural and ordinary consequence of the breach. In substance appellant's contention is that it would not be liable in any event, whether Ouimet was or was not an employee. It cannot escape liability by declaring in advance of trial that the claim for damages is not one covered by the policy.

Section 8169, Revised Codes of 1921, provides certain rules for interpreting agreements of indemnity, among which are the

[2]   following: "In the interpretation of a contract of indemnity, the following rules are to be applied, unless a contrary intention appears: (4) The person indemnifying is bound, on request of the person indemnified, to defend actions or proceedings brought against the latter in respect to the matters embraced by the indemnity, but the person indemnified has the right to conduct such defenses, if he chooses to do so.   (5) If, after request, the person indemnifying neglects to defend the person indemnified, a recovery against the latter, suffered by him in good faith, is conclusive in his favor against the former." And in a suit on an indemnity policy the burden is upon the insurer to rebut the foregoing presumption. This the appellant failed to do.

The leading case upon the questions presented is that of *St. Louis D. Beef etc. Co.* v. *Maryland Casualty Co.,* 201 U. S. 173, 50 L. Ed. 712, 26 Sup. Ct. Rep. 400 [see, also, Rose's U. S. Notes], which is decisive of the matters submitted.   To the same effect see, also, *Butler Bros.* v. *American Fid. Co.,* 120 Minn. 157, 44 L. R. A. (n. s.) 609, 139 N. W. 355; *Mayor Lane & Co.* v. *Commercial Casualty Ins. Co.,* 169 App. Div. 772, 155 N. Y. Supp. 75; *In re Empire State Surety Co.,* 214 N. Y. 553, 108 N. E. 825; *South Knoxville Brick Co.* v. *Empire State Surety Co.,* 126 Tenn. 402, Ann. Cas. 1913E, 107, 150 S. W. 92; *Fullerton* v. *United States Cas. Co.,* 184 Iowa, 219, 6 A. L. R. 367, 167 N. W. 700; *Interstate Cas. Co.* v. *Wallins Creek Coal Co.,* 164 Ky. 778, L. R. A. 1915F, 958, 176 S. W. 217; *Rieger* v. *London etc. Co.,* 202 Mo. App. 184, 215 S. W. 920; *United States F. & G. Co.* v. *Pressler* (Tex. Civ. App.), 185 S. W. 326; *Western Ind. Co.* v. *Walker-Smith Co.* (Tex. Civ. App.), 203 S. W. 93.

The contention of appellant that the judgment entered by consent against the respondent was upon the merits and that thereby the question of Ouimet's employment became *res adjudicata* is without merit.   Where the insurer has denied its [3]   liability under the policy and has refused to defend an action brought by the person injured, the liability of the in-

sured to such injured person and the extent of that liability may be litigated for the first time in an action on the policy between the insurance company and the insured. (*Butler Bros.* v. *American Fid. Co., supra; St. Louis D. Beef etc. Co.* v. *Maryland Cas. Co., supra;* sec. 10558, Rev. Codes 1921; *Kansas City, etc.,* v. *Southern Ry. News Co.,* 151 Mo. 373, 74 Am. St. Rep. 545, 45 L. R. A. 380, 52 S. W. 205; *Glen Falls, etc.,* v. *Insurance Co.,* 162 N. Y. 399, 56 N. E. 897.)

It was incumbent upon the plaintiff to prove that Ouimet was not in its employ. Proof was submitted upon this disputed question of fact, and the trial court very properly denied defendant's motion for a nonsuit and for a directed verdict. The jury found this issue in favor of plaintiff, and their finding in this regard is not subject to review by this court, but is conclusive upon appeal. The jury are the exclusive judges of the credibility of a witness and of the weight to be given [4] to his testimony. The evidence was conflicting upon this question, and this court will not interfere where the record on appeal shows substantial evidence to support a verdict and judgment, as appears in this case. The trial judge and the jury had the opportunity of seeing the witnesses and of observing their demeanor on the stand; consequently they were better qualified to determine their credibility than are the justices of this court from an examination of the record on appeal. (Secs. 10505, 10672, Rev. Codes 1921; *Lehane* v. *Butte Elec. Ry. Co.,* 37 Mont. 564, 97 Pac. 1039; *Lizott* v. *Big Blackfoot Mill. Co.,* 48 Mont. 171, 136 Pac. 46; *O'Langan* v. *First St. Bank of Hilger,* 59 Mont. 190, 196 Pac. 149; *Wick* v. *Western L. & Cas. Co.,* 60 Mont. 553, 199 Pac. 272.)

No abuse of discretion is shown in any of the trial court's rulings, and on the other errors assigned it does not appear that prejudice was suffered by appellant so as to justify a reversal or retrial of this case.

We recommend that the judgment be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

*Affirmed.*