Bell vs. Shafer.

BELL vs. SHAFER.

*September 5 — September 25, 1883.*

ATTACHMENT. *(1, 2) Liability of receiptor for goods. (3) Second levy, how made.*
PRACTICE. *(4) Special verdict. (5) Court and jury.*

1. A receiptor for goods levied on in attachment is estopped only so far as the attachment is concerned to deny that he had and still holds possession of the goods. The receipt is a special contract of bailment and imports liability only to the parties to the suit in which the seizure was made.

2. The responsibility of the receiptor in such case is measured by that of the officer making the levy; so that if the attachment is dissolved, or has otherwise ceased to exist, and the receiptor has suffered the property to go back into the hands of the defendant, the officer, being no longer liable therefor, cannot demand the possession thereof from his bailee.

3. Where property is in the possession of a receiptor upon an attachment, the officer who placed it there may make another attachment or levy, without an actual seizure, by making return thereof and giving notice to the bailee of such attachment or levy and that he must hold the property to answer the same. But if the property never came to the actual possession of the receiptor, or has been returned by him to the defendant, it must be seized wherever it can be found upon such subsequent attachment or execution.

4. Where there is no general verdict the special findings must dispose of all material issues of fact upon which there is a conflict in the evidence.

5. This court will not, upon appeal, determine a disputed question of fact which the jury has failed to pass upon.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action to recover damages for the refusal of the defendant to deliver certain goods for which he had given a receipt to the plaintiff as sheriff. The facts are sufficiently stated in the opinion. From a judgment entered upon the special verdict, in favor of the plaintiff, the defendant appealed.

*A. M. Blair*, for the appellant:

1. A receiptor for property is not liable to the officer for its non-delivery on demand, unless the officer is liable to some one for his failure to hold or sell it on his process. Drake on Attach., §§ 370, 388; *Perry v. Williams*, 39 Wis., 339; *Heath v. Keyes*, 35 id., 668; *Main v. Bell*, 27 id., 517; *Adams v. Fox*, 17 Vt., 361; *Bleven v. Freer*, 10 Cal., 172; *Jones v. Gilbert*, 13 Conn., 507; *Butterfield v. Converse*, 10 Cush., 317. 2. If the receiptor has permitted the property to remain in the defendant's hands a second attachment cannot be made without a new seizure. Drake on Attach., § 356; *Knap v. Sprague*, 9 Mass., 258; *Whittier v. Smith*, 11 id., 211; *Odiorne v. Colby*, 2 N. H., 66; *Whitney v. Farwell*, 10 id., 9; *Tomlinson v. Collins*, 20 Conn., 364. The receiptor may suffer the property to go back into the defendant's hands, and in such case, where there is only one attachment, his liability to the officer depends wholly upon the liability of the latter to the plaintiff. *Fisher v. Bartlett*, 8 Me., 122; *Carr v. Farley*, 12 id., 328; *Moulton v. Chapin*, 28 id., 505; *Lowry v. Stevens*, 6 Vt., 113; *Frost v. Kellogg*, 23 id., 308.

For the respondents there was a brief by *Spence & Hiner* and *Geo. E. Sutherland*, and oral argument by *Mr. Spence*. They contended, *inter alia*, that the receiptor is estopped from denying that he took and had the possession of the

property. *Jewett v. Torrey*, 11 Mass., 219; *Lyman v. Lyman*, id., 317; Story on Bailm., 95; *Bridge v. Wyman*, 14 Mass., 190; *Morrison v. Blodgett*, 8 N. H., 238; *Bruce v. Pettengill*, 12 id., 244; *Spencer v. Williams*, 2 Vt., 209; *Lowry v. Cady*, 4 id., 504; *Allen v. Butler*, 9 id., 122; *Cornell v. Dakin*, 38 N. Y., 254; *Phillips v. Hall*, 8 Wend., 610; *Webb v. Steele*, 13 N. H., 230; *Howes v. Spicer*, 23 Vt., 508. The mere issuing of the executions to, and receiving them by, the sheriff, operated as a constructive levy upon goods previously attached by him. Crocker on Sheriffs, sec. 413; *Cresson v. Stout*, 17 Johns., 116; *Russell v. Gibbs*, 5 Cow., 390; *Leach v. Pine*, 41 Ill., 65; *Van Winkle v. Udall*, 1 Hill, 559; *Bank of Lansingburgh v. Crary*, 1 Barb., 542; *Collins v. Yewens*, 10 Ad. & El., 570.

ORTON, J. Where one has become a receiptor for goods levied on in attachment, he is estopped to deny that he had and still holds the possession of the goods only so far as the attachment is concerned. The receipt is a special contract of bailment, and imports liability only to the parties to the suit in which the seizure is made. *Main v. Bell*, 27 Wis., 517; Drake on Attach., § 381; *Spencer v. Williams*, 2 Vt., 209; *Allen v. Butler*, 9 Vt., 122. It cannot be extended beyond its terms and legal effect, which are that the goods shall be delivered to the officer on demand, or that the receiptor shall pay the debt and costs of the attachment or execution. Such are the usual terms of the receipt (Drake on Attach., § 345), and such are the terms of the receipt in this case. The receiptor is the servant of the officer who made the levy, to hold the goods attached only to answer the attachment, and it follows that his liability cannot be extended beyond that of the officer at the time of the levy, and his responsibility is measured by that of the officer; so that if the attachment is dissolved, or has otherwise ceased to exist, and the receiptor has suffered the property to go

back into the hands of the defendant, the officer, being no longer liable therefor, cannot demand the possession of the same from his bailee. *Whittier v. Smith,* 11 Mass., 211; *Webster v. Harper,* 7 N. H., 594.

When the attachment is dissolved it is the duty of the receiptor either to deliver the property to the officer or to the defendant, and if he does neither, he will be liable to the officer on a subsequent seizure of it in his hands on subsequent attachments or executions, by virtue of his receipt. Upon satisfaction of the judgment in the action of the first levy the contract between the officer and the receiptor or bailee is discharged. *Lyman v. Lyman,* 11 Mass., 317. In such a case there is a presumption that the officer actually seized the property and delivered the possession of it to the receiptor, and they are estopped from denying such facts; but such presumption and estoppel cannot obtain or be extended in favor of any parties except those of the contract, or of any creditor except the plaintiff in the attachment. *Webb v. Steele,* 13 N. H., 230; *Cornell v. Dakin,* 38 N. Y., 253; *Howes v. Spicer,* 23 Vt., 508. Sometimes, and perhaps usually, the receiptor permits the property to remain in the defendant's hands, whether it has been actually seized by the officer or not. The actual possession in the defendant is not disturbed upon some friend giving the officer a receipt therefor. Such are called *nominal* attachments, and are so far valid as to bind the officer for the value of the property, and to give force to the contract between him and the bailee or receiptor; but with respect to strangers, other creditors, or purchasers in good faith or without notice, it is wholly inoperative. In such case other creditors may attach the property in the hands of the defendant, but not in the hands of the receiptor. Drake on Attach., § 575; *Bridge v. Wyman,* 14 Mass., 190.

It is in such cases that the presumption arises, as between the parties immediately interested, that the property was

actually seized, and the possession thereof delivered over to the receiptor, and they are estopped to deny the same. When the property has been actually seized and delivered to the receiptor, no presumptions are necessary or proper. It is only in cases where no actual seizure is made or possession taken that it has been *constructively* seized, and its possession constructively delivered to the receiptor, by this usage. If the officer has actually seized the property and has the same in his hands on one attachment, he may properly levy upon the same other attachments or executions; but if he has not, he can levy such subsequent attachments or executions upon the property as in the possession of the defendant only. If, then, a receiptor is the servant of the officer, and has never received or has divested himself of the actual possession of the property, a levy upon it as in his possession would be equally ineffectual. The property must be actually levied upon wherever it is in fact, and not where it is constructively. The evidence in this case is strong, if not conclusive, that the property was never actually seized by the officer, or received by the defendant, but that it remained in the place and actual possession where it was when the first attachment was levied, and where it was when the executions were pretended to have been levied upon it, and this would, therefore, seem to present a case of "nominal attachment." But be this as it may, the vital and material question in respect to the levy of the executions was whether, at the time, the receiptor was in the *actual* possession of the property under his contract of bailment. If he was, then the notice to him of the levy of the executions would bind him to hold the possession to satisfy the same. If he was not, then he was not bound to hold a possession which he had not, and perhaps never had. The law upon the question may be thus stated: Where the property is in the possession of a receiptor upon an attachment, the officer who placed it there may make another attachment or levy, without an actual seizure,

by making return thereof and giving notice to the bailee that he has so attached or levied, and that he must hold the property to answer the same. But if the property never came to the actual possession of the receiptor, or has been returned by him to the defendant, then it must be seized wherever it can be found upon such subsequent attachment or execution. Drake on Attach., § 269. *Knap v. Sprague,* 9 Mass., 258; *Tomlinson v. Collins,* 20 Conn., 364.

The complaint is in substance that the plaintiff, as sheriff, seized the goods and placed them in the possession of the defendant; and that the defendant gave the receipt therefor upon the attachment; and that afterwards the plaintiff, as such sheriff, levied upon the same goods in the hands of the defendant certain executions, and notified the defendant thereof; and that he has demanded the same. The defendant denies in his answer that he had the possession of said goods, or that they were ever delivered to him, but alleges that they remained in the hands of the defendant in the attachment after the levy thereof. By the law, as above stated, this was a vital issue in the case. There was no general verdict, and therefore the special findings must dispose of all the material issues of fact which were controverted by the evidence. The only special findings of fact were that the goods were demanded, and that the defendant was notified before the attachment was dissolved that he must hold the goods to answer the executions. There was no finding that the defendant had possession of the goods when this notice was given.

It was only by such notice, and not by the terms of the receipt, that the defendant could or is sought to be charged. The attachment was dissolved and the receipt as such was canceled. It is contended by the learned counsel of the respondent that the presumption is that the goods were actually seized and went into the possession of the defendant as the receiptor, and that he is estopped from denying it.

Bell vs. Shafer.

But we have seen that such presumption and estoppel obtain only as to the attachment in which the receipt was given. On this question of possession of the goods by the defendant the evidence was conflicting, and it is contended that this court may now look into the evidence and determine for itself this material question of fact upon which the liability of the defendant depended in the action. This, of course, this court cannot do without usurping the province of the jury. The return upon the executions made by the plaintiff as sheriff was that "he had levied them upon the goods and groceries of the judgment debtor *in his store*, etc., which were the same goods levied upon by him under the writ of attachment, and that he has the goods now in his possession." This is certainly very strong if not conclusive evidence that the goods were not in the possession of the defendant at the time the executions were levied upon them and when the notice thereof was given to the defendant. It may be that this return may be explained, amended, contradicted, or rebutted by the plaintiff; but coupled with the testimony of the defendant that he did not have possession of the goods at the time of the pretended levy, it certainly required very clear and convincing evidence that such was not the fact, and to warrant the jury in so finding. Without a verdict of the jury upon this question, no judgment could properly be rendered, and a new trial has become necessary to supply such defect.

*By the Court.*— The judgment of the circuit is reversed, and the cause remanded for a new trial.