GERMAN SAVINGS BANK, of Des Moines, Iowa, Appellant,
v. CAPITAL CITY OATMEAL COMPANY.

**Attachments: LEVY:** *Subsequent writ.* Where an officer holds actual
possession of personal property under a writ of attachment, no
affirmative act on his part is necessary in making a levy under
a subsequent writ, but he may treat the property as seized, and
make his return accordingly.

*Appeal from Polk District Court.*—HON. C. P. HOLMES,
JUDGE.

MONDAY, MAY 15, 1899.

JANUARY 25, 1897, H. T. Blackburn, as receiver, com-
menced action against the Capital City Oatmeal Company
to foreclose a chattel mortgage on certain personal property,
the description of which is not essential. Thereafter the
German Savings Bank, of Des Moines, Iowa, of which Black-
burn was receiver, was substituted as party plaintiff. To
the suit, J. E. Stout, sheriff, J. M. Brown, the McFarlin
Grain Company, and M. Riley are defendants. Brown, the
McFarlin Grain Company, and Riley, each claimed a lien on
the mortgaged property as an attaching creditor, and each
claimed a priority over the plaintiff's mortgage. The adjudi-
cation settled, and it is not now questioned, that the Brown
and McFarlin Grain Company attachments are first liens,
leaving the controversy as to the plaintiff's mortgage and the
Riley attachment. It is now conceded that the Brown attach-
ment is the first lien, and it was levied on January
22, 1897, at 5:15 o'clock P. M. Plaintiff's mortgage was exe-
cuted about 8 o'clock P. M. of the same day, and filed for
record at 9 o'clock P. M. There is a controversy as to
the time of levying the Riley attachment, the dispute being
whether it was 7:31 or 8:40 P. M. of the same day; the

earlier time making it prior, and the later one after, the execution of the mortgage. It is the question of the priority of these two liens that is involved in this appeal. The district court gave priority to the Riley attachment, and the plaintiff appealed.—*Affirmed.*

*Dowell & Parrish* for appellant.

*Brennan & Brennan* for appellee.

GRANGER, J.—The first return on the Riley attachment fixed the levy at 8:40 P. M. on the twenty-second day of January, 1897, and that it came into the hands of the sheriff at 7:30 P. M. of the same day. At the trial this return was put in evidence, and later, but before the submission of the cause, the court permitted the defendant to put in evidence an amended return showing the levy to have been made at 7:31 P. M. and notice of the levy to have been given to the president of the oatmeal company at 8:40 P. M. We do not understand appellant to question the right to put in evidence the return as amended, but the court permitted oral evidence, with a view to contradict the return as amended, which right is questioned here by appellant; but we think it is not important to consider the question, because, with such evidence in the record, the levy was made in accord with the amended return. There is a plain distinction between the return of the levy and the notice of the levy. The facts, somewhat in detail, are that the Brown attachment had been levied at 5:15 P. M., and when the Riley attachment was received, at 7:30, the property was then in the possession of the sheriff; and he did nothing, in executing the levy, other than to regard it as made, and make his return accordingly, aside from giving the notice, which was done at 8:40 of the same evening. The levy is made by taking manual custody of the property. Code, section 3898. This had been done under the Brown attachment. When property is thus in custody, and a second

attachment is to be levied, no overt act is essential to effect the levy. The officer can only treat the property as seized, and make his return accordingly. In Drake Attachment, section 269, it is said: "If it be desired to attach property already attached and in an officer's custody, the writ should be delivered to and executed by him, when it will be available to hold the surplus after satisfying the previous attachment, or the whole, if that attachment should be dissolved. In such case no overt act on the part of the officer is necessary to effect the second levy, but a return of it on the writ will be sufficient. * * * So, where the property is in the hands of a bailee, the officer who placed it there may make another attachment, without the necessity of an actual seizure, by making return thereof, and giving notice to the bailee." The rule has numerous cases cited for its support. As we view the record, the first return was made, fixing the levy as made at 8:40, because that was the time of giving the notice, rather than the time when the property was really seized by virtue of the writ; for it was, in legal effect, a seizure when the writ became operative to hold it, which must have been when the officer treated the writ as levied. This question of fact concludes the case, and the judgment is AFFIRMED.