Argued July 24, reversed and remanded October 1, rehearing denied November 26, 1918.

## PALMER–HAWORTH LOGGING CO. *v.* HENDERSON.

### (174 Pac. 531.)

**Attachment—Second Levy.**

1. In levying a second attachment, no affirmative or overt act need be done to divest defendant of possession; the property being in the sheriff's possession by reason of a prior attachment not released, or, what is the same thing, having been placed by the sheriff in charge of a deputy who had receipted to him therefor.

**Attachment—Second Levy.**

2. It is enough for a sheriff in levying an attachment on property of which he, through a deputy, had possession under prior attach-

ment, to forward the papers to his deputy and make return that the property was attached, provided the return shows that he then held the possession.

**Attachment—Return—Amendment.**

3. Return of attachment may be amended to supply an omission, except when the right of third persons depending on the defective return have intervened, and therefore against one whose claim is that he obtained a right to the property before attachment.

[As to amendment of writs of attachment and of the papers · on which they are based, see note in 61 Am. Dec. 125.]

**Corporations—Statements and Admissions of Officers.**

4. That when credit was extended to the G. Company, and when property was attached, persons who were president, secretary, and general manager both of it and the.P. Company, having the same officers and stockholders, pointed out the property as that of the G. Company, is *prima facie* binding on the P. Company in replevin by it against the officer making the attachment, preventing direction of verdict for it.

**Replevin—Answer and Evidence—Fraudulent Conveyance.**

5. Defendant, in replevin by P., under answer merely denying plaintiff's ownership and justifying detention of the property by virtue of attachment levied by him as sheriff on the property as that of G., cannot show any conveyance by G. to P. was in fraud of creditors.

From Yamhill: HARRY H. BELT, Judge.

Department 2.

This is an action for the possession of personal property, namely: one Tacoma donkey-engine; one Seattle donkey-engine; one steam-log saw, and all lines, blocks, tackle, pulleys and other personal property used in connection with said donkey-engines. The cause was tried to the court and a jury. At the conclusion of the introduction of all the evidence on motion of plaintiff's counsel, the court directed a verdict in favor of plaintiff. Defendant appeals.

The plaintiff alleges that it is the owner and entitled to the possession of the personal property.

The defendant, who is the sheriff of Yamhill County, by his answer, denies the ownership of plaintiff and

90 Or.—13

justifies the detention of the personal property by him as such sheriff by virtue of attachments under certain writs duly issued in the cases of *Everding & Farrell, a Corporation,* v. *The Gebhardt Lumber Company, a Corporation.*

The reply puts in issue the main allegations of the answer.

The circumstances relating to the several transactions are as follows: The Gebhardt Lumber Company entered into a contract with W. F. Slaughter and J. D. Welch on the twentieth day of August, 1912, for the purchase of certain timber in Yamhill County. The contract was afterward transferred by Slaughter and Welch to Everding & Farrell. On the 12th of April, 1915, Everding & Farrell commenced an action on the contract against the Gebhardt Lumber Company for certain payments and attached certain personal property including that in controversy in this action. Upon the hearing of a plea in abatement in that case, the court found that the payments sought to be recovered were not then due, and on June 18, 1915, dismissed the action and released the property from attachment.

On June 17, 1915, a second action was commenced by Everding & Farrell against the Gebhardt Lumber Company for certain payments then due under the contract, and a second attachment was issued and levied upon the same property. Thereafter, judgment was rendered in the second action for plaintiff in the sum of $800, and for the sale of the attached property.

On the 12th of May, 1916, a third action, between the same parties, was commenced and a third attachment levied upon the property. The present action was commenced May 16, 1916.

REVERSED AND REMANDED.

For appellant there was a brief over the names of *Messrs. McKenney & Brush, Mr. W. F. Magill* and *Mr. J. Bruce Polwarth,* with an oral argument by *Mr. Magill.*

For respondent there was a brief over the names of *Mr. Frank Holmes* and *Messrs. Joseph & Haney,* with an oral argument by *Mr. Holmes.*

BEAN, J.—1–3. Counsel for plaintiff contend that the return of the sheriff upon the second writ of attachment in the action of *Everding & Farrell* v. *Gebhardt Lumber Company* was insufficient to justify the sheriff, in that the return did not show the manner of making the attachment, or that the sheriff took the property into his possession. Defendant requested the court to be permitted to amend the return to conform to the facts. This application was refused, as we understand the record, for the reason that it was held that the plaintiff's claim had intervened. Plaintiff's counsel also maintained that the facts pertaining to the levy do not warrant the amendment of the return of the sheriff, or show a valid levy.

At the time of the execution of the first writ of attachment on April 14, 1915, the sheriff proceeded with the writ to the lumber-mill and plant of the attachment defendant Gebhardt Lumber Company. Mr. G. D. Palmer, secretary and manager of the Gebhardt Lumber Company, was there and was informed by the sheriff that he was about to attach the property of that company. Mr. Palmer pointed out one of the donkey-engines in question in this action and informed the sheriff where the other donkey-engine was in the woods, and furnished the sheriff with a complete list of all the personal property of that company, and the same was taken possession of by the sheriff as his re-

turn upon the writ in that case shows. It is shown by the evidence that at the time of making the first attachment, the sheriff placed all of the property in charge of one of his deputies Mr. P. A. Flynn, who receipted to the sheriff therefor. The mill was shut down and the business suspended. The receiptor remained in charge and control of the property attached until the trial of this cause. It will be noticed that the first attachment had not been released and the property had not been turned over to anyone by the sheriff or his receiptor when the second attachment was made. Therefore, it was unnecessary for the sheriff in making the second levy under the subsequent writ to do any affirmative or overt act in order to divest the defendant Gebhardt Lumber Company of the possession of the personal property for the reason that the sheriff then held the possession of such personal property: 4 Cyc. 604; *O'Connor* v. *Blake,* 29 Cal. 312; *Naumburg* v. *Hyatt,* 24 Fed. 898; *Tomlinson* v. *Collins,* 20 Conn. 364; *German Sav. Bank* v. *Capital City Oatmeal Co.,* 108 Iowa, 380 (79 N. W. 270); *Turner* v. *Austin,* 16 Mass. 180, 181; *State* v. *Curran,* 45 Mo. App. 142; *Whitney* v. *Farwell,* 10 N. H. 9; *Wehle* v. *Conner,* 83 N. Y. 231; *Bell* v. *Shafer,* 58 Wis. 223 (16 N. W. 628); Waples on Attachment, p. 177; Drake on Attachment (7 ed.), § 267.

A bailee to whom attached property is intrusted by the sheriff is the agent of that officer for keeping it. It is still in the constructive possession of the court, still legally in the hands of the sheriff, by the bailee holding under him as his representative or agent: Waples on Attachment, p. 284; 4 Cyc. 663.

The possession of P. A. Flynn, the sheriff's deputy and receiptor of the personal property attached in the first action, was the possession of the sheriff at the

time of the issuance of the second writ of attachment. The sheriff forwarded the second writ of attachment and other papers to his deputy and made his return that the personal property in question and other property was attached. The possession of the personal property then being in the sheriff's hands, this would have been sufficient if the return of the sheriff had shown that he took or then held the possession of the personal property: *O'Connor* v. *Blake*, 29 Cal. 312. The next question is: "Should the claim of plaintiff to the property involved prevent the amendment to the sheriff's return so as to conform with the facts?" In the absence of statutes expressly authorizing defects in form in the return of a writ of attachment, as a general rule the courts have allowed an amendment of the return to conform to the facts where intermediate rights have not been acquired by third parties: 4 Cyc. 552.

In the case at bar, it appears that the sole stockholders and directors of the Gebhardt Lumber Company were V. Gebhardt, Gus Arndt, and G. D. Palmer, the first named being president and the last named, secretary and manager of the corporation. The Palmer-Haworth Logging Company was organized on the tenth day of March, 1915, with the same stockholders and directors as the Gebhardt Lumber Company. On the same day the articles of incorporation of the Palmer-Haworth Logging Company were executed, the Gebhardt Lumber Company held a special meeting of all the stockholders and passed a resolution to reduce the capital stock from $10,000 to $3,800. Thereafter, on the same day the board of directors of the Gebhardt Lumber Company held a special meeting and by resolution undertook to declare a dividend of $3,000 out of the tangible assets of the corporation, and not having

any money to pay such dividend, but having personal property used in pursuance of the business of the corporation, they resolved that the Gebhardt Lumber Company transfer to its stockholders, and as dividends, the personal property involved in this action. Afterward, on March 30, 1915, the directors executed a bill of sale for this property to the Palmer-Haworth Logging Company, and on the same date that company elected its officers and passed a resolution purporting to purchase this same personal property and issued stock of the corporation in payment therefor. The bill of sale was never placed of record, and the property remained in the same location and to all appearances in the same use and control.

Defendant requested the court to be permitted to amend the return on the writ of attachment in the second and third actions to conform to the facts as shown by the evidence. The court, as stated, refused to allow the amendment and defendant saved an exception. It is stated in 1 Wade on Attachment, Section 151, that:

"The same principles apply to the amendment of a sheriff's return on a writ of attachment, that would govern in any other case of a return on mesne process. * * There seems no good reason why amendment of the return on process of attachment should not be allowed within a reasonable time after judgment, when the rights of third parties have not intervened."

Subject to the restriction noted in the quotation, the sheriff is allowed with great liberality to amend his return so as to remedy defects therein, or make it conform to the facts where the application is made in due time. This is a common-law right, and does not depend upon statutory authority: 32 Cyc. 537; *Main* v. *Lynch,* 54 Md. 658. The return of the sheriff should always be allowed to be amended so as to conform to

the truth unless some new right has arisen in the meantime founded upon the defective return: *Maloney* v. *Simpson*, 226 Pa. St. 479 (75 Atl. 675); *Weaver* v. *Southern Oregon Co.*, 30 Or. 348 (48 Pac. 171).

In the present case, the evidence shows that a valid attachment of the personal property involved was made under the writ. The testimony introduced does not contradict the return of the sheriff, but supplies an omission therein. No new right of third parties based upon the defective return has arisen. The claim to the property made by plaintiff is that they had obtained a right thereto before the attachment. According to its contention, no new right of the Palmer-Haworth Logging Company intervened after the making of the attachment or could be based upon the defective return. The plaintiff alleges in this action that the defendant sheriff is in the possession of the personal property. We think in justice to the defendant and the interested parties, the sheriff should be allowed to amend his return to conform to the facts proven.

4. As to the directed verdict for plaintiff: There was evidence in the case tending to show that Palmer and Gebhardt, the officers of both of the corporations mentioned, informed the parties acting in behalf of, and interested with, the plaintiff in the attachment action, that the personal property in suit was owned by the Gebhardt Lumber Company the defendant in the writ for the purpose of enhancing the credit of that company. There appears to be no difference in the parties interested in the two corporations. For some reason there seems to have been a separation so as to keep the logging business separate from the milling business. When Mr. Palmer who was acting as secretary and manager of both corporations pointed out

to the sheriff with the writ, the engine and other personal property at the time of the attachment, and furnished the officer with an inventory or list thereof, as the property of the Gebhardt Lumber Company, it was in effect a declaration and admission that the property was owned by the Gebhardt Lumber Company, and that plaintiff had no title thereto, and tended to show that there had been no transfer of the personalty in question from the Lumber Company to the Logging Company as claimed by the plaintiff: 4 Cyc. 746. Such property having been attached by the officer as the property of the Gebhardt Lumber Company, the defendant in the writ, the action by the regular acting secretary and manager of the Palmer-Haworth Logging Company is *prima facie* binding upon the latter corporation and estops it from now claiming the attached property as its own: Cobbey on Replevin (2 ed.), § 147. The statements and admissions of both Palmer and Gebhardt, the officers of the plaintiff, which the testimony shows to have been made, tended to support the allegations of the defendant, that the personal property attached was at that time owned by the Gebhardt Lumber Company. It is in evidence that the defendant had no notice of plaintiff's claim until the present action was commenced. The statements made by Gebhardt were partly denied by him. The action by Palmer was attempted to be explained on his part. Any conflict in the testimony was for the jury to pass upon. Therefore, we think the cause should have been submitted to the jury.

5. We concur with the learned trial judge that under the present state of the pleadings the defendant was not entitled to show fraud on the part of the plaintiff, it not being alleged: *Coos Bay R. R. Co.* v. *Siglin,* 26 Or. 387 (38 Pac. 192). Other errors are assigned,

but we notice no question that would be likely to arise upon a new trial which needs further consideration.

The judgment of the lower court will be reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.  REHEARING DENIED.

McBRIDE, C. J., and BURNETT and JOHNS, JJ., concur.