SHARP, RESPONDENT, *v.* SHARP, APPELLANT.

(No. 5,042.)

(Submitted January 30, 1923. Decided March 15, 1923.)

[213 Pac. 799.]

*Work and Labor—Complaint—Counts—Joinder—Election of Remedies—Discretion—Verdict—Conflict in Evidence—Verdict Conclusive.*

Work and Labor — Complaint—Counts — Express Contract — *Quantum Meruit*—Proper Joinder.
1. In an action to recover a balance due for work and labor performed, where there is more or less uncertainty as to the grounds of recovery, a count upon express contract and one upon *quantum meruit* may properly be joined in the complaint.

Same—Complaint—Counts—Election of Remedies—Discretion.
2. Application made during trial to require plaintiff to elect upon which of the two counts in his complaint (on express contract and on

[66 Mont. 438.]

*quantum meruit*) he would rely, was addressed to the sound legal discretion of the trial court, with the exercise of which the supreme court will not interfere on appeal in the absence of a showing of abuse thereof.

Same—Conflict in Evidence—Verdict Conclusive on Appeal.

3. The verdict of the jury based on sharply conflicting testimony and attacked on the ground that it was not justified by the evidence, is conclusive where the amount allowed is well within the range of the evidence.

*Appeals from District Court, Big Horn County; Robert C. Stong, Judge.*

ACTION by E. G. Sharp against J. E. Sharp. From judgment for plaintiff and an order overruling motion for new trial, defendant appeals. Affirmed.

Cause submitted on brief of Appellant.

*Messrs. Guinn & Maddox,* for Appellant.

MR. JUSTICE STARK delivered the opinion of the court.

The plaintiff filed his complaint against the defendant to recover the sum of $867, alleged to be due him as a balance for work and labor performed for defendant between October 5, 1919, and July 17, 1920, at the rate of $35 per week. The complaint contained two counts, the first being upon an express contract and the second upon *quantum meruit.*

The defendant answered, admitting that plaintiff had rendered the services alleged, but claimed that the agreed wage was $60 per month, all of which had been paid, and also set up two counterclaims against the plaintiff, the first of which was for board and lodging alleged to have been furnished to the plaintiff's family between January, 1916, and March, 1920, amounting in all to $360; the second being for the sum of $81.35 on account of goods, wares, and merchandise alleged to have been sold and delivered to the plaintiff by the defendant between October 8, 1919, and July 17, 1920.

Issue was joined on the counterclaims by plaintiff's reply. The cause was tried to a jury and resulted in a verdict and

judgment in favor of plaintiff in the sum of $357. Defendant filed a motion for a new trial, which was overruled. The appeals are from the judgment and the order overruling the motion for a new trial.

Although specifications of error Nos. 1, 3, and 4 are wholly insufficient under Rule X of this court (64 Mont. lxviii, 202 Pac. x), and consequently not entitled to any consideration, all the matters therein suggested are covered by a consideration of specification No. 2, which is in effect that the court erred in denying defendant's motion to require the plaintiff to elect upon which count of his complaint he would rely. This motion was made during the progress of the trial, and at the close of all the testimony the same was denied.

The rule is that in a case of this kind, when there is more [1, 2] or less uncertainty as to the grounds of recovery, there may be properly joined a count upon express contract and a count upon *quantum meruit* (*Blankenship* v. *Decker*, 34 Mont. 292, 85 Pac. 1035; *Neuman* v. *Grant*, 36 Mont. 77, 92 Pac. 43), and that where, as in this case, application is made during the course of the trial to require the plaintiff to elect upon which count he will rely, the question of granting or overruling the motion is addressed to the sound legal discretion of the court. (*Mellon* v. *Fulton*, 22 Okl. 636, 19 L. R. A. (n. s.) 960, 98 Pac. 911; *Manders* v. *Craft*, 3 Colo. App. 236, 32 Pac. 836; *Wagner* v. *Nagel*, 33 Minn. 308, 23 N. W. 308.) The record here wholly fails to show any abuse of discretion on the part of the court in refusing to require the plaintiff to elect, and there was no error in doing so.

Finally, the defendant contends that the verdict of the jury [3] was not justified by the evidence. In answer to this it is sufficient to say that there was no controversy concerning the length of time plaintiff was employed by the defendant. The plaintiff testified that there was an agreement with the defendant by which he was to receive $35 per week for his services. Defendant denied this, and testified that the agreement was that the plaintiff should have $60 per month for his

work. Witnesses for plaintiff asserted that the reasonable value of services such as plaintiff rendered to defendant was from $20 to $35 per week, while those in behalf of defendant were equally positive that from $15 to $25 per week would have amply compensated him therefor.

As to defendant's counterclaims, the testimony was equally conflicting. All of these matters were submitted to the jury for determination, and their verdict was well within the range of the evidence and cannot be disturbed on this appeal. (*Williams* v. *Gray,* 62 Mont. 1, 203 Pac. 524; *Kamboris* v. *Chicago, etc., Ry Co.,* 62 Mont. 88, 203 Pac. 859.)

No error appearing in the record, the judgment and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.