NORTHWESTERN HARDWARE & STEEL CO., RESPONDENT, *v.* WINNETT, APPELLANT.

(No. 5,201.)

(Submitted May 23, 1923.  Decided June 19, 1923.)

[216 Pac. 568.]

*Actions — Corporations — Complaint — Corporate Capacity — Pleading — Waiver — Answer Aiding Complaint — Verdict — When Conclusive.*

Actions by Corporations—Complaint—Allegation of Corporate Capacity not Required.
1. When a corporation brings an action at law in its corporate name it need not affirmatively allege in its complaint that it is a corporation in order to state a cause of action.

Pleading and Practice—Legal Capacity in Plaintiff—Waiver.
2. Lack of legal capacity in plaintiff to sue, when apparent on the face of the complaint, can be questioned only by demurrer (sec. 9131, Rev. Codes 1921), and when not so apparent the objection may be taken by answer (sec. 9135); if not so taken advantage of, it is deemed waived.

Same—Complaint—Caption not Part of Allegations of Pleading.
3. The caption of a complaint is not a part of the allegations of the pleading.

Same—Answer Aiding Complaint—Effect.
4. Where defendant in an action for goods, wares and merchandise sold, upon the assumption that a recital in the caption of the complaint that defendant was doing business under a certain firm name and style was a necessary allegation, treated it as such in answering thereto, he supplied the omission of an affirmative allegation to that effect in the complaint, and was in no position on appeal to urge error in the admission of accounts charged on plaintiff's books to defendant under the firm name on the ground of variance.

Verdicts—When Conclusive on Appeal.
5. The verdict of a jury will not be disturbed on appeal on the alleged ground of insufficiency of the evidence to sustain it, where the evidence was in substantial conflict upon the material issues raised by the pleadings.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

ACTION by the Northwestern Hardware & Steel Company against W. J. Winnett.  Judgment for plaintiff and defendant appeals.  Affirmed.

67 Mont.—35

*Messrs. Belden & DeKalb, Mr. Merle C. Groene* and *Mr. Homer E. Gies,* for Appellant, submitted a brief; *Mr. H. Leonard DeKalb* argued the cause orally.

*Mr. J. A. McDonough* and *Mr. Art Jardine,* for Respondent, submitted a brief; *Mr. Jardine* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

The complaint in this action alleges that between the first day of August, 1919, and the twentieth day of March, 1920, the plaintiff sold and delivered to the defendant goods, wares and merchandise of the reasonable value of $446.65, for which the defendant agreed to pay the plaintiff, that he had not paid the same or any part thereof except the sum of $56.45, and that there is a balance due on said account of $390.11. There is no allegation in the complaint to the effect that the plaintiff is a corporation, nor is it alleged that the defendant was doing business under the style and firm name of Winnett Blacksmith Shop.

The defendant filed a general demurrer to the complaint, which was overruled, whereupon he answered denying that he at any time conducted any business under the name and style of Winnett Blacksmith Shop, or that the plaintiff had sold or delivered to him the goods, wares and merchandise as alleged in the complaint.

The case was tried before a jury, and at the close of plaintiff's testimony defendant moved for a nonsuit, which was denied, after which he introduced testimony on his part. The jury returned a verdict in favor of the plaintiff for the amount sued upon, whereupon judgment was entered, from which the defendant has appealed to this court.

The first contention of counsel for defendant is stated in [1, 2] their brief in these words: "The complaint is insufficient, inasmuch as it contains no allegation of corporate capacity of the plaintiff." This presents for specific answer the question: When a corporation brings an action at law, must

it affirmatively allege in its complaint that it is a corporation and thus show its capacity to sue in order to state a cause of action?

An examination of the authorities will disclose some diversity of opinion, but a great majority of the decisions answer the question in the negative. In 7 R. C. L. 697, it is said: "The prevailing view is that, in an action by a corporation in its corporate name it is not necessary to allege in the declaration or complaint that the plaintiff is a corporation."

In 3 Thompson on Corporations, section 3197, the author says: "The general and prevailing rule established by a large number of cases in a majority of the state courts, both at law and in equity, is that in actions of whatever nature by or against a corporation of any kind * * * the corporate existence need not be alleged nor is it necessary to plead the act of incorporation."

"The failure of the complaint to allege capacity to sue is not ground for demurrer under a statute allowing a demurrer only when it appears from the face of the complaint that the plaintiff has no legal capacity to sue; nor can a failure to allege such capacity render a complaint demurrable as not stating a cause of action." (21 R. C. L. 526.)

In some of the earlier California cases (*Oroville etc. R. Co.* v. *Plumas County*, 37 Cal. 360; *Loup* v. *California Southern R. Co.*, 63 Cal. 97; *People* v. *Central Pac. R. Co.*, 83 Cal. 395, 23 Pac. 303) there were expressions indicating a view contrary to that stated in the foregoing excerpts; but in *Los Angeles Ry. Co.* v. *Davis*, 146 Cal. 179, 106 Am. St. Rep. 20, 79 Pac. 865, the court in its opinion directs particular attention to these cases, expressly disapproves such expressions, and lays down the rule in these words: "The point that plaintiff was not a corporation goes only to its capacity to maintain an action, and not to the sufficiency of the facts averred to constitute the alleged cause of action; and therefore it could be raised by demurrer to the complaint only under subdivi-

sion 2 of section 430 of the Code of Civil Procedure, which provides as a cause of demurrer 'that plaintiff has no legal capacity to sue'—and then only when said want of capacity 'appears on the face' of the complaint. If it does not so appear, the objection must be taken by answer pursuant to section 433.'' Sections 430 and 433 of the California Code referred to are the same as sections 9131 and 9135, Revised Codes of 1921. The rule announced in the last-mentioned case was subsequently followed and approved by the California court in *Redding Gold & Copper Mining Co.* v. *National Surety Co.*, 18 Cal. App. 488, 123 Pac. 544.

The case of *Phoenix Bank of New York* v. *Donnell*, 40 N. Y. 410, was decided under statutory provisions similar to ours above referred to. The complaint, so far as the designation of the plaintiff was concerned, was identical with that in this case—there was no allegation relative to its being a corporation or possessing any legal capacity to sue. Its sufficiency was challenged by a demurrer on the grounds (1) that it did not show that the plaintiff was a corporation and entitled to sue; and (2) that it failed to state facts sufficient to constitute a cause of action. It was held that the demurrer could not be sustained on the first ground because it did not affirmatively appear upon the face of the complaint that the plaintiff had not the legal capacity to sue; or on the second ground because it had no applicability to the capacity of the plaintiff to sue, but only applied when the facts stated as a cause of action failed to show one.

We have referred to the above cases from California and New York to illustrate the rule because of the fact that their Code provisions are the same as ours, and that ours were derived from them.

The same rule is announced in varying forms in each of the following cases: *Cone Export & Com. Co.* v. *Poole*, 41 S. C. 70, 24 L. R. A. 289, 19 S. E. 203; *Jantzen* v. *Emanuel Baptist Church*, 27 Okl. 473, Ann. Cas. 1912C, 659, 112 Pac. 1127; *Exchange National Bank* v. *Capps*, 32 Neb. 242, 29

Am. St. Rep. 433, 49 N. W. 223; *Bennington Iron Co.* v. *Rutherford,* 18 N. J. L. 105, 35 Am. Dec. 528; *Stanly* v. *Richmond & Danville R. R. Co.,* 89 N. C. 331; *Smith* v. *Weed Sewing Machine Co.,* 26 Ohio St. 562; *Zion Church* v. *St. Peter's Church,* 5 Watts & S. (Pa.) 215; *Saunders* v. *Nursery Co.,* 6 Utah, 431, 24 Pac. 532; *Bank* v. *Knowlton,* 12 Wis. 696, 78 Am. Dec. 769; *Leader Printing Co.* v. *Lowry,* 9 Okl. 89, 59 Pac. 242; *Brady* v. *National Supply Co.,* 64 Ohio St. 267, 83 Am. St. Rep. 753, 60 N. E. 218. A great number of cases supporting the rule will also be found in the notes under the sections of R. C. L. and Thompson on Corporations above quoted. (See, also, *Knight* v. *LeBeau,* 19 Mont. 223, 47 Pac. 952; *Herbst Importing Co.* v. *Hogan,* 16 Mont. 384, 41 Pac. 135; and *O'Donnell* v. *City of Butte,* 44 Mont. 97, 119 Pac. 281.)

Among the cases which hold to the contrary is *Miller* v. *Pine Mining Co.,* 3 Idaho, 493, 35 Am. St. Rep. 289, 31 Pac. 803, decided in 1892. In the later Idaho case of *Fegtly* v. *Mining Co.,* 18 Idaho, 536, 111 Pac. 129, that court, referring to its former decision, said: "It must be conceded that the weight of authority is against the rule announced in *Miller* v. *Pine Mining Co.*"

The reason running through these cases to justify the rule deduced is that, although corporations are artificial persons, yet under the statutes by which they are created they have the same capacity to sue and be sued as natural persons, that when a natural person sues or is sued it is sufficient to designate him by name, and that it is neither necessary to aver that he is a person, or that he has legal capacity to sue, since such capacity is presumed to exist until the contrary is shown, and that the same presumption attaches to a corporation.

The case is analogous to one wherein a person or partnership doing business under a fictitious name is precluded from maintaining an action until he or it has filed and published a statement disclosing the true name of such person or persons. Until this is done, the statute says they can-

not maintain any action upon any account, transaction or contract had in the partnership name, *i. e.,* until they have complied with the statute, they have not the legal capacity to sue. In *Reilly* v. *Hatheway,* 46 Mont. 1, 125 Pac. 417, and *Canonica* v. *St. George,* 64 Mont. 200, 208 Pac. 607, this court has held an allegation that the plaintiff has complied with the statute is not any part of the statement of a cause of action; but that, on the contrary, a failure to comply with it is a matter of defense which must be specially pleaded, or it is waived.

In the case of *Milwaukee Gold etc. Co.* v. *Gordon,* 37 Mont. 209, 95 Pac. 995, the matter now before the court was not presented and was not considered. Paragraph 1 of the complaint in that case contained the direct allegation "that the plaintiff is a corporation duly organized under the laws of the territory of Arizona." This allegation was denied by the answer in these words: "That the defendants have not sufficient knowledge or information to form a belief as to the matters and facts set out in paragraph No. 1 of the said complaint, and therefore deny the same." The question presented, considered, and decided by the court was whether this denial was sufficient to put the plaintiff on proof of the allegations of paragraph 1 of its complaint. Whether the direct allegation contained in that paragraph was required to be made in the complaint in order to state a cause of action was not involved and therefore not decided. The allegation of incorporation had been made, and the court only decided that the denial was sufficient to raise an issue thereon.

In view of section 9131 of the Revised Codes of 1921, which provides that the defendant may demur to a complaint when it appears on its face that the plaintiff has not the legal capacity to sue, and of section 9135 that, when this lack of capacity does not appear on the face of the complaint, the objection may be taken by answer, and of section 9136 that, if the objection is not taken by demurrer or answer, it must be deemed to have been waived, and, in the light of the above

authorities, we hold that in an action by a corporation in its corporate name it is not necessary to allege in the complaint that it is a corporation in order to state a cause of action; that its lack of legal capacity to sue can be questioned only in the manner pointed out in the above-mentioned sections of the Code; and that, if not taken advantage of as so provided, it is deemed to have been waived. Therefore the court did not err in overruling the demurrer to the complaint.

Counsel also urge that, in order to connect the defendant [3,4] with the orders and accounts which plaintiff introduced in evidence showing that the merchandise sold was charged on its books to the Winnett Blacksmith Shop and to the Winnett Blacksmith Company, the complaint should have contained an affirmative allegation* to the effect that defendant was doing business under those designations. The caption of the complaint describes the defendant as "doing business under the style and firm name of Winnett Blacksmith Shop." Although this recital in the caption is no part of the allegations of the complaint, defendant in paragraph 1 of his answer appears to have treated it as such, for he alleges: "That plaintiff has no right to bring action against the defendant as W. J. Winnett, doing business under the firm name and style of Winnett Blacksmith Shop, as this answering defendant has never at any time or at all conducted any business at any place under said name, or any similar designation." If the allegation which defendant says the complaint should have contained was a necessary one, by assuming in his answer that it was made, he thereby supplied the omission (*Lynch* v. *Bechtel,* 19 Mont. 548, 48 Pac. 1112) made the testimony competent, and rendered ineffective counsel's further contention that there was a variance between the allegations and proof.

Finally, counsel contend that the evidence is insufficient to [5] justify the verdict. H. P. Howes, a witness for the plaintiff, testified, in substance, that at the time the merchan-

dise in question was sold he was the plaintiff's salesman; that he went to the town of Winnett and found a Mr. Hughes in charge of what was designated as the Winnett Blacksmith Shop; that he made up an order for merchandise at the suggestion of Hughes, and then, in company with Hughes, went to the defendant's residence, was introduced to him, and conferred with him about this order; that Winnett then informed the witness that he owned the shop, and that Hughes was managing it for him. Winnett went over the order and said it would be all right to send the things down to Hughes. Some of the items contained in the order were not furnished, on the suggestion of Winnett that he did not want them sent. The witness fixed the date of this conversation as February 2, 1920, by referring to the first order taken in that month, and further testified that from that time on all the credit extended to the Winnett Blacksmith Shop was extended to Winnett on the strength of the above conversation. The total of the merchandise furnished subsequent to that time exceeded the amount of the plaintiff's demand in the complaint.

R. D. Hoffman testified that in May, 1920, he was credit manager for the plaintiff and about the middle of that month went to see defendant about a settlement of this account. Defendant denied liability and claimed that Hughes was responsible for the same. The shop had been closed, and Hughes had left the town of Winnett. Witness stated he went to the shop and identified a portion of the goods which had been furnished by the plaintiff, and invoiced the same at about $200; that he interviewed Hughes, who disclaimed any ownership of the merchandise left in the shop, and thereafter again called upon Winnett and said to him: "If you disclaim ownership in these goods I want to take it out of the shop, and we will credit this account with the amount of goods we can get back." In reply to this, after consultation with his attorney, Winnett asserted ownership of the goods and refused to allow witness to take them from the shop. At that time

Winnett told witness he had sold the shop to a man named Anderson, and his attorney produced a bill of sale that had been executed by Winnett to Anderson but not yet delivered, which purported to convey the blacksmith-shop with all the equipment and supplies within the same.

Testifying in his own behalf, the defendant denied the conversation detailed by the witness Howes, that he ever conducted a blacksmith-shop under the name of Winnett Blacksmith Company, or that he ever purchased any of the merchandise described in the complaint from the plaintiff, and further asserted that at the time he sold the blacksmith-shop to Anderson he did not know that there were any goods in it that had been purchased from the plaintiff.

There was thus presented a substantial conflict in the evidence upon the material issues raised by the pleadings, and the verdict of the jury thereon will not be disturbed.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.