LEWIS, RESPONDENT, *v.* PENNOCK, APPELLANT.

(No. 5,293.)

(Submitted September 15, 1923. Decided October 19, 1923.)

[219 Pac. 631.]

*Action for Recovery of Money—Tender Before Suit—Failure to Deposit in Court—Costs.*

1. Where defendant, in an action for services rendered, alleged in his answer that before commencement of suit he had tendered to plaintiff the amount to which he was entitled and the jury awarded to plaintiff the amount so tendered, but defendant had failed to deposit in court the sum tendered as required by section 9794, Revised Codes of 1921, the latter was not, and plaintiff was, entitled to costs.

*Appeal from District Court, Chouteau County; John W. Tattan, Judge.*

ACTION by Vernon E. Lewis against Grace E. Pennock. From judgment for plaintiff and an order denying defendant's motion to strike plaintiff's memorandum of costs, and refusing to tax and allow costs, she appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. H. S. McGinley,* for Appellant.

*Mr. Vernon E. Lewis, pro se.*

MR. JUSTICE COOPER delivered the opinion of the court.

The complaint alleges that the plaintiff, at the special instance and request of defendant, performed professional services as an attorney at law for the defendant, Grace E. Pennock, between December 1, 1918, and August 3, 1920, of the reasonable value of $220. The answer admits that defendant, as executrix of the will of her deceased husband, employed the plaintiff to represent her, and that, before completing his duties as such, the plaintiff withdrew as her attorney. It also avers that "on divers and sundry occasions defendant tendered to plaintiff the sum of $75, to be in full accord and satisfaction for all services rendered by him, that the plaintiff refused such tender, and that the tender of such amount is hereby made." This the reply admits, but denies that any sum less than $220, the amount sued for, is reasonable compensation for the services rendered. The jury returned a verdict for $75, "together with interest thereon from the third day of August, 1920," the date upon which the plaintiff filed in court his written withdrawal as her attorney. The appeal is from the judgment and the order of the district court denying defendant's motion to strike the plaintiff's memorandum of costs from the files, and refusing to tax and allow her the costs incurred in her defense.

Appellant's counsel argues that the verdict, being for the [1] amount "tendered," carries with it the right of defendant to recover costs. But the answer goes no further than to aver that, after August 3, 1920, "on divers occasions" the defendant tendered to plaintiff the sum of $75, to be in full accord and satisfaction for all services rendered by him. All of her testimony on this point is this: "I have tendered to Mr. Lewis the sum of $75 in payment, which he refused, and am willing at this time to pay him $75 in full settlement of all claims."

The answer, it will be noted, does not allege that the defendant deposited the money in court at the time it was filed

with the clerk. She nevertheless claims that she is absolved from the payment of costs to plaintiff under the provisions of section 9794 of the Revised Codes of 1921, which reads as follows: "When, in an action for the recovery of money only, the defendant alleges in his answer that before the commencement of the action he tendered to the plaintiff the full amount to which he was entitled, and thereupon deposits in court for plaintiff the amount so tendered, and the allegation be found to be true, the plaintiff cannot recover costs, but must pay costs to the defendant."

Having failed to bring herself within the provisions of this section of the statute by depositing in court the amount tendered, her motion to strike the plaintiff's cost bill from the files was properly denied.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.