## CHOWNING, Respondent, v. MADISON LAND & IRRIGATION CO., Appellant.

(No. 6,439.)

(Submitted March 30, 1929.   Decided April 19, 1929.)

[276 ·Pac. 946.]

*Mr. R. F. Gaines* and *Mr. Earle M. Genzberger,* for Appellant, submitted a brief; *Mr. Genzberger* argued the cause orally.

*Mr. M. M. Duncan,* for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE FORD delivered the opinion of the court.

The complaint in this case sets forth two causes of action. The first seeks to recover upon an alleged account stated between plaintiff and defendant on August 22, 1922. The sec-

ond is for goods, wares and merchandise alleged to have been sold and delivered to defendant by plaintiff between August, 1921, and August, 1922. Defendant's answer denies the material allegations of the complaint. Trial was had before the court sitting with a jury. A verdict was returned in favor of plaintiff for the amount claimed against defendant. Judgment was accordingly entered. Defendant's motion for a new trial was denied, and it appeals from the judgment and from the order taxing costs.

At the close of plaintiff's case defendant's motion for a nonsuit was denied, and defendant predicates error upon the ruling.

Upon a motion for nonsuit, the evidence must be taken in the light most favorable to plaintiff, and deemed to establish whatever it fairly tends to prove. (*Boyd* v. *Great Northern Ry. Co.*, 84 Mont. 84, 274 Pac. 293; *Pyles* v. *Melvin*, ante, p. 338, 275 Pac. 753; *Westerdale* v. *Northern Pac. Ry. Co.*, 84 Mont. 1, 273 Pac. 1051.) The record in the case is voluminous, and no useful purpose would be subserved in setting forth even a brief summary of the evidence; suffice it to say that we have carefully examined the record, and are of the opinion that there is ample evidence to take the case to the jury.

Counsel next contend that the evidence is insufficient to support the verdict. The evidence in the case is in sharp conflict. The law is settled in this jurisdiction that the verdict of a jury will not be disturbed on appeal on the alleged ground of insufficiency of the evidence to sustain it, where the evidence is in substantial conflict upon the material issues raised by the pleadings. (*Westerdale* v. *Northern Pac. Ry. Co.*, supra; *Robinson* v. *Woolworth*, 80 Mont. 431, 261 Pac. 253; *Independent M. & C. Co.* v. *Aetna Life Ins. Co.*, 68 Mont. 152, 216 Pac. 1109; *Sharp* v. *Sharp*, 66 Mont. 438, 213 Pac. 799; *Northwestern H. & S. Co.* v. *Winnett*, 67 Mont. 545, 216 Pac. 568.)

Defendant predicates error upon the order of the court overruling its motion to tax costs and the objections made to the

memorandum of costs filed by plaintiff. At the commencement of the action, plaintiff procured a writ of attachment to be issued, and placed the same in the hands of the sheriff for service on January 25, 1924. At that time the sheriff had in his possession certain personal property, consisting of horses, automobiles, tractors, and other farm equipment, the property of defendant, by virtue of a writ of attachment issued out of the district court of Gallatin county, in the case of McKay against defendant herein. The regularity of the execution of that writ and the right of the sheriff to hold the property thereunder, are not questioned. The McKay action was settled on January 25 and the attachment dissolved. The sheriff took no affirmative action under the writ in this case, but continued to hold the property under it. On January 24 the sheriff served copy of summons and the writ on John Crum, as agent and manager of defendant, and appointed him keeper of the property under attachment; it was agreed between them that Crum should receive three dollars per day for such service, which amount would be credited upon wages due him from defendant. On February 16, 1924, upon application of the sheriff, the court made and entered its order that the sheriff "be and he is hereby authorized to appoint a keeper of said attached property at a price of not to exceed $3.00 per day," etc. Crum remained in the employ of defendant until October 26, 1925; during all of that time he acted as keeper of the attached property. Thereafter he continued to act as keeper and was so employed at the time of trial. After trial and verdict, plaintiff duly served and filed her memorandum of costs, including therein keeper's fees from January 25, 1924, to March 13, 1928. Defendant filed its motion to tax costs, specifically objecting to the keeper's fees. Upon the hearing, testimony was introduced on behalf of defendant in support of its motion, and the court reduced the keeper's fees seventy-eight dollars, for charges from date of appointment until the order authorizing the sheriff to appoint a keeper; with this reduction the costs were taxed in accordance with plaintiff's memorandum.

Counsel insist that at the time of the attempted levy of the attachment the property was in the possession of T. M. Hodgens, and that, under subdivision 5 of section 9262, Revised Codes 1921, there could be no keeper and consequently no cost for that purpose. The contention is without merit. Subdivision 5, above, provides, in substance, that personal property in the possession of a third person must be attached by leaving with the person having possession of the property a copy of the writ and a notice that the property in his possession, belonging to the defendant, is attached in pursuance of such writ. Under these provisions, if Hodgens was a bailee of the property, it could not be taken out of his possession under attachment. (*Noel* v. *Cowan*, 80 Mont. 258, 260 Pac. 116.) However, the evidence does not show that Hodgens had possession and control of the property as bailee or otherwise; on the contrary, it discloses that at the time of the first levy the property was in the possession of defendant. When the second writ ▮ was received by the sheriff, he was in possession of the property under the prior levy, and it was not necessary for him to take affirmative action to make the levy under the writ in this case; having possession of the property, he could merely treat it as seized under the subsequent writ and make his return accordingly. (6 C. J. 241; *German Sav. Bank* v. *Capital City Oatmeal Co.*, 108 Iowa, 380, 79 N. W. 270; *Palmer-Haworth Logging Co.* v. *Henderson*, 90 Or. 192, 174 Pac. 531.)

It is next contended that the surrender of the attached ▮▮ property to Crum, defendant's manager, was a return of the property to defendant and dissolved the attachment. Crum was appointed keeper by the sheriff, and he agreed to retain custody thereof for the sheriff. There are no intervening claims or rights of other creditors involved. It is generally held that, if the attaching officer permits the return of seized property to the possession of the debtor, the attachment is, as to *other creditors*, ipso facto dissolved, but, where an officer allows the attached property to remain in the debtor's possession with the understanding between the debtor and the

officer that the attachment should remain in force, the attachment is not dissolved as against the debtor or anyone having notice of the facts. (6 C. J. 312; *Cooper* v. *Newman,* 45 N. H. 339.) We are of opinion that the appointment of Crum as keeper and the possession of the attached property by him did not dissolve the attachment.

Counsel complain because of the allowance of keeper's cost ▮ during the time Crum was in the employ of defendant, and argue that it "was unnecessary and improper and not necessarily incurred." Under section 4916, Revised Codes 1921, the necessity for the appointment was a question to be determined by the court, taking into consideration all facts and circumstances, and, having done so and made its order, the complaint now made by defendant comes too late. Whether defendant is entitled to an offset against Crum for the amount earned as keeper during the period mentioned in accordance with his agreement with the sheriff, is not before us for decision.

After Crum was discharged by defendant, he retained possession of the property and boarded at its ranch. Counsel insists "there is no authority in law for compelling the defendant to board at its own expense this so-called representative of the state." With this we agree, but it is obvious that counsel have misconstrued the order authorizing the appointment of a keeper and the facts actually existing as shown by the record. The order merely authorized the appointment and fixed the fee at not to exceed three dollars per day; by no stretch of the imagination can it be said that defendant was required to furnish board and lodging. The court was not concerned with the keeper's board; that was a matter of contract or arrangement between him and defendant, and must be adjusted between them. Crum is not a party to this action, and the question cannot be adjudicated in this proceeding.

For the reasons given, the judgment is affirmed.

Mr. Chief Justice Callaway and Associate Justices Matthews, Galen and Angstman concur.