STAGG, Appellant, *v.* BROADWAY GARAGE CO., Re-
SPONDENT.

(No. 6,594.)

(Submitted March 6, 1930.  Decided April 7, 1930.)

[286 Pac. 415.]

*Mr. S. P. Wilson,* for Appellant, submitted a brief and argued the cause orally.

*Mr. W. H. Mahoney* and *Mr. Thos. J. Davis,* for Respondent, submitted a brief; *Mr. Davis* argued the cause orally.

MR. JUSTICE FORD delivered the opinion of the court.

This action was brought by plaintiff to recover damages from defendant for the alleged conversion of an automobile. The complaint alleges that on June 5, 1926, at Butte, plaintiff delivered to one Frank Kilby the possession of an Oakland automobile under a conditional sales contract which provided that title thereto should remain in the vendor until the full purchase price was paid; that the contract was duly filed in the office of the county clerk and recorder of Silver Bow county; that there remained due and unpaid on the contract the sum of $443; and that on November 9, 1926, defendant converted the automobile to its own use, to plaintiff's damage in the sum of $600, its reasonable value.

Defendant denied the material allegations of the complaint, and alleged, as an affirmative defense, that on November 9, 1926, Kilby was the owner of a contract to purchase the

automobile in question, and on that date, for a valuable consideration, sold and transferred all his right, title and interest in the same to defendant, and that it agreed to perform all the covenants contained in the contract; that thereafter it offered to pay plaintiff the sum of $9.50, the sum remaining due and unpaid under the contract, but that he refused and still refuses to accept the same; that it is ready, able and willing and desirous of paying such sum to plaintiff, which it had tendered to the clerk of the court. As a second affirmative defense an estoppel is pleaded. Issue was joined by reply.

Trial by jury resulted in a verdict for defendant, upon which judgment was entered for defendant's costs. Plaintiff's motion for a new trial was denied, and he appeals from the judgment.

Various specifications of error present the question of the sufficiency of the evidence to support the verdict. No useful purpose would be subserved in setting forth the testimony; suffice it to say that the evidence is in sharp conflict; plaintiff's witnesses testified that there remained unpaid upon the conditional sales contract the sum of $443, with interest, while defendant's testimony was to the effect that there was due and unpaid only the sum of $9.50. Under such circumstances the verdict of the jury will not be disturbed. No rule of law is more firmly established in this jurisdiction than that the verdict of a jury will not be disturbed on appeal on the alleged ground of insufficiency of the evidence to sustain it, when the evidence is in substantial conflict upon the material issues raised by the pleadings. (*Westerdale* v. *Northern Pac. Ry. Co.*, 84 Mont. 1, 273 Pac. 1051; *Chowning* v. *Madison Land & Irr. Co.*, 84 Mont. 494, 276 Pac. 946; *Sharp* v. *Sharp*, 66 Mont. 438, 213 Pac. 799; *Northwestern H. & S. Co.* v. *Winnett*, 67 Mont. 545, 216 Pac. 568.)

It is argued that the court erred in overruling plaintiff's objection to the introduction of testimony in support of defendant's affirmative defense of estoppel, for the reason that the pleading is insufficient and does not state facts sufficient to constitute a defense. Whether the pleading is

sufficient need not be determined. We think the evidence objected to was admissible under the denials and the first affirmative defense contained in the answer.

It is contended that the court erred in refusing to give plaintiff's offered instruction No. 15. Instructions Nos. 6 and 7 given by the court cover, in substance, the refused instruction. The court did not err in its ruling.

Plaintiff next contends that, since defendant admits that the sum of $9.50 remains unpaid upon the conditional sales contract, and since the jury returned a general verdict in favor of defendant upon which judgment was entered for defendant and for its costs, the judgment must be set aside. It is argued that under the facts disclosed the jury was required to return a verdict for plaintiff for at least $9.50, and that defendant, having failed to deposit in court the amount conceded to be due, is not entitled to costs. As we have pointed out, defendant alleged and plaintiff admits an offer to pay the sum of $9.50, which plaintiff refused to accept. Defendant also alleges that it *tendered* to the clerk of the court "the sum of $9.50 lawful money of the United States, which said sum this defendant is informed and believes is the amount due plaintiff."

Section 9794, Revised Codes of 1921, provides: "When, in an action for the recovery of money only, the defendant alleges in his answer that before the commencement of the action he tendered to the plaintiff the full amount to which he was entitled, and thereupon *deposits* in court for plaintiff the amount so tendered, and the allegation be found to be true, the plaintiff cannot recover costs, but must pay costs to the defendant." (Italics ours.) There is not any proof that defendant *deposited* in court for plaintiff the amount admitted to be due under the contract, and, having failed to bring itself within the provisions of section 9794, supra, is not entitled to its costs. (*Lewis* v. *Pennock*, 68 Mont. 448, 219 Pac. 631.)

Does the fact that the jury failed to award plaintiff the amount admittedly due under the contract require us to grant a new trial? We think not. Manifestly, under the

pleadings, the real issue presented to the jury was whether any amount was due plaintiff in excess of $9.50, and the jury's finding "in favor of the defendant" is in substantial conformity to the pleadings. "A verdict is not to be technically construed, but is to be given such a reasonable construction as will carry out the obvious intention of the jury. In arriving at this intention, reference may be had to the issues made by the pleadings, the instructions submitted by the court, and the evidence introduced at the trial; and if by a fair and reasonable construction of it, in view of the whole record, the intention of the jury is manifest, it should be allowed to stand." (*Consolidated Gold & S. Min. Co.* v. *Struthers,* 41 Mont. 565, 111 Pac. 152, 154; *Kane* v. *Oehler,* 62 Mont. 417, 205 Pac. 245.) Applying this rule to the verdict in the case, it is clearly sufficient. While it is true that, standing alone, it may be construed as finding against plaintiff for the amount conceded by defendant to be due upon the contract, yet, by reference to the pleadings and testimony and the instructions given by the court, we think it is entirely clear what the jury intended.

It is obvious that the judgment is erroneous, since it deprives plaintiff of the amount defendant admits to be unpaid, and which the proof shows it is "ready, able, willing and desirous of paying." But plaintiff is not entitled to a new trial because of this error. The case was fairly tried; plaintiff submitted for the consideration of the jury all the testimony he had to offer in resistance to the issues presented by defendant's answer; the jury was correctly instructed and found the issues in favor of defendant. Under these circumstances we think that justice will be subserved by directing that a proper judgment be entered so as to make it conform to the pleadings and testimony which will afford to plaintiff the full measure of relief to which he is entitled, and a new trial is not necessary for this purpose.

For the foregoing reasons the judgment is reversed, and the cause remanded to the district court, with direction to enter judgment for plaintiff in the sum of $9.50. Each party

will pay his or its own costs in the district court, and plaintiff shall have costs on appeal.

Mr. Chief Justice Callaway and Associate Justices Matthews, Galen and Angstman concur.